THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMIL L. PALUSKA, Appellant.

Third Department, July 18, 1985

**APPEARANCES OF COUNSEL**

*Gerald A. Keene* for appellant.

*James T. Hayden, District Attorney,* for respondent.

**OPINION OF THE COURT**

MAHONEY, P. J.

In January of 1983, investigators of the State Police were conducting an investigation of the trafficking of controlled substances in Chemung County. On January 28, 1983, April 21, 1983 and April 26, 1983, one of the officers purchased controlled substances at the home of Dennis Brown in the Town of Horseheads, Chemung County. Based on these purchases and an

accumulation of other evidence, the police obtained an eavesdropping warrant for a telephone at the Brown residence on June 13, 1983. The warrant provided that the eavesdropping would commence as soon as praticable and would continue for a period of 30 days from the date of the commencement of interception. The police began interception at the Brown residence 10 days later, on June 23, 1983.

On July 2, 1983 and July 8, 1983, the police overheard telephone calls, in which defendant agreed to sell several hundred units of lysergic acid diethylamide (LSD) to Brown. Police officers also witnessed meetings between Brown and defendant on those dates at which the sales were consummated. On July 13, 1983, application was made to the County Court to amend the warrant issued on June 13, 1983. Apparently, the District Attorney took the position that since the interception of conversations under the original order dated June 13, 1983 did not commence until June 23, 1983, it was not necessary to apply for an extension of the original order until 30 days from June 23, 1983. No tapes were delivered to County Court for sealing until July 22, 1983. The tapes were in the possession of either the State Police or the District Attorney from the dates on which they were recorded until July 22, 1983, at which time they were ordered sealed.

Defendant was subsequently indicted for the crimes of criminal sale of a controlled substance in the second degree and criminal sale of a controlled substance in the third degree. Defendant moved to suppress the tape recordings and statements. After a hearing, County Court denied the motion to suppress, holding that the eavesdropping warrant and procedures pursuant thereto were proper. On April 7, 1983, defendant pleaded guilty in Supreme Court to criminal sale of a controlled substance in the second degree. He was sentenced to an indeterminate term of imprisonment of three years to life. This appeal by defendant ensued. We reverse.

Both CPL 700.10 (2) and 700.30 (7) specify a 30-day outside durational limit on an eavesdropping warrant. While the statutory provisions do not clearly spell out whether the 30-day period begins to run on the date the warrant is issued or the date of the commencement of the interception, the policy of strictly construing eavesdropping statutes dictates that the period begins on the date of issue unless another date is specified in the warrant by the issuing court. A provision in the warrant that interception shall commence as soon as practicable is not specific enough to change the general rule that the 30-day period commences when the warrant is issued.

We are persuaded to that view because of CPL article 700, which was enacted in 1969 in response to the provisions of the Federal Omnibus Crime Control and Safe Streets Act of 1968 (18 USC § 2510 *et seq.*), which act was the congressional response to the decision of the Supreme Court in *Berger v New York* (388 US 41) that not only struck down as unconstitutional New York's old scheme of eavesdropping regulation, but directed that any intrusion by eavesdropping be strictly limited so as to minimize the invasion of privacy necessarily associated with eavesdropping.

■ Here, County Court issued the eavesdropping warrant on June 13, 1983 and, therefore, the warrant should have expired by statutory mandate on July 12, 1983 instead of July 22, 1983, the date on which the warrant expired by its own terms. Although it is apparent that the actual interception of conversation fell within the 30-day period, thereby suggesting harmless error, the error in the warrant also influenced the date upon which the sealing requirement arose. Because the tapes were not sealed until July 22, 1983, nine days after the warrant expired by statutory mandate, the sealing requirement mandated by CPL 700.50 was violated. The Court of Appeals in *People v Basilicato* (64 NY2d 103, 116-117) stated that the statutory requirement that tapes made pursuant to an eavesdropping warrant be sealed under the direction of the Judge issuing the warrant "[i]mmediately upon the expiration of the period" of the warrant (CPL 700.50 [2]) is not satisfied when there is no explanation at all for the days that elapsed between expiration of the warrant and sealing (*supra,* at p 116). Here, the prosecution not only offers no explanation for the nine days between expiration of the warrant and sealing on July 22, 1983, it insists that the 30-day outside durational limit of the warrant did not commence to run until June 23, 1983, the date upon which the telephonic interception began.

■ Finally, we reject the prosecution's contention that defendant failed to preserve this issue for review. Defendant moved, pursuant to CPL 710.20 (2), to determine the admissibility of the statements intercepted by means of the eavesdropping warrant. Although defendant did not advance the specific theory he now relies upon, he did sufficiently apprise County Court of his objections to the entire eavesdropping warrant. Thus, the challenge to the warrant was presented below and thereby preserved for review on appeal. Even if the issue was not preserved for review, we could exercise our power to address the issue in the interest of justice (CPL 470.15 [6] [a]).

Since it is not clear from the record that the People's potential proof consists solely of eavesdropping evidence which must be suppressed, we are hesitant to dismiss the indictment at this stage. Therefore, upon vacating defendant's plea of guilty, we remit the matter to Supreme Court.

CASEY, J. (dissenting). An eavesdropping warrant which requires execution of the authorization to intercept "as soon as practicable" and authorizes interception for a 30-day period commencing on the date of the first interception does not, in my view, violate the requirements of CPL article 700. Accordingly, I dissent.

CPL 700.10 (2) provides: "No eavesdropping warrant may authorize or approve the interception of any communication for any period longer than is necessary to achieve the objective of the authorization, or in any event longer than thirty days."[1] CPL 700.30 (7) requires that an eavesdropping warrant must contain: "A provision that the authorization to intercept shall be executed as soon as practicable * * * and must terminate upon attainment of the authorized objective, or in any event in thirty days".

There can be little doubt that the two statutory provisions are intended to achieve the same result, but that they create an ambiguity when read together. CPL 700.10 (2) appears to place the time limit on the interception itself (see also, CPL 700.30 [6]), while CPL 700.30 (7) seems to place the limit on the authorization to intercept.[2] The courts, too, have been less than precise in referring to the subject of the 30-day limitation. Thus, there is dicta indicating that the *warrant* expires at the end of the 30-day period (see, People v Washington, 46 NY2d 116, 119, 122; People v Meranto, 86 AD2d 776, 777), but the question of when the 30-day period begins to run was neither raised nor considered in these cases.

To determine whether a warrant can authorize interception for a 30-day period commencing with the date of the first interception, the ambiguity in CPL article 700 must be reconciled and, in the absence of any case law on point, the history behind the creation of the 30-day period is pertinent. Former Code of Criminal Procedure § 813-a provided that an ex parte order of eavesdropping "shall be effective for the time specified

1. As authorized by CPL 700.30 (6), the warrant herein provides that the interception shall not automatically terminate when the described communication has been first obtained.

2. The ambiguity is compounded by CPL 700.50 (2), which refers to "the expiration of the period of an eavesdropping warrant".

therein but not for a period of more than two months unless extended or renewed". The statute was declared unconstitutional in *Berger v New York* (388 US 41, 64) upon the ground that "its language permits a trespassory invasion of the home or office, by general warrant, contrary to the command of the Fourth Amendment". The Supreme Court's analysis focused upon the fundamental right guaranteed by the 4th Amendment concerning the privacy and security of individuals against arbitrary invasions by governmental officials (*supra,* at p 53).

In response to *Berger* (*supra*), New York enacted a new statutory scheme for eavesdropping warrants, now contained in CPL article 700, which included the 30-day period. The Court of Appeals, in *People v Zorn* (31 NY2d 134, 141, *cert denied* 410 US 943), rejected a constitutional challenge to the 30-day period, concluding that "[f]or this type of interception a 30-day period, given the extent and nature of the activity under surveillance, is not excessive". Later case law interpreting the sealing requirements of CPL 700.50 has applied a rule of strict construction to the statute (*see, e.g., People v Basilicato,* 64 NY2d 103, 116; *People v Washington, supra,* p 122).

In light of the foregoing, it is my view that neither CPL 700.10 (2) nor 700.30 (7) should be construed as requiring that the 30-day period commences with the effective date of the warrant itself. Unlike former Code of Criminal Procedure § 813-a, the current statutory language does not so provide. More importantly, such a construction is not required by constitutional principles. The fundamental right at issue is the 4th Amendment's protection against arbitrary intrusions by governmental officials (*see, Berger v New York, supra*). No intrusion occurs until the police begin to exercise the authority to intercept contained in the warrant. The Court of Appeals recognized this in *People v Zorn* (*supra*), where the facts and circumstances surrounding the interception were examined to determine the reasonableness of the 30-day period. Similarly, the principle of strict construction referred to above does not require the use of the effective date of the warrant, for that principle also has its roots in the "constitutional guarantees against search and seizure that the statute seeks to protect" (*People v Washington, supra,* p 121).

Construing the statute as authorizing the use of some date other than the effective date of the warrant for the purposes of commencing the 30-day period does raise a problem of constitutional dimension that must be considered, viz., the possibility that the probable cause upon which the warrant was issued may

dissipate or become stale before or during the interception (*see, Berger v New York, supra,* p 59). CPL 700.30 (7), however, contains the solution to this problem by providing that the warrant must require execution of the authorization to intercept "as soon as practicable". Thus, although a warrant authorizing interception for a 30-day period commencing with the date of the first interception gives the police some discretion, that discretion is severely and properly limited by the requirement that the interception commence as soon as practicable. This construction of CPL article 700 gives the issuing Judge the flexibility to cope with the practicalities of the particular case, while at the same time imposes adequate restrictions on the police activity to protect the individual's 4th Amendment rights.

The majority's concern that the phrase "as soon as practicable" in the warrant herein is not specific enough, is, in my view, unfounded. The phrase is not merely language chosen at random by the issuing Judge; rather, it is the phrase required by statute to be included in every eavesdropping warrant (CPL 700.30 [7]). The phrase has long been recognized and accepted by the courts of this State (*see, e.g., Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 19-20). Indeed, the courts have had no difficulty applying the identical phrase used by the Legislature elsewhere in CPL article 700 (*see, e.g., People v O'Meara,* 52 NY2d 990).

The foregoing analysis leads me to the conclusion that the warrant herein does not violate the requirements of CPL article 700, leaving the question of whether the nine-day delay in executing the warrant violated the "as soon as practicable" requirement of the warrant. Defendant, however, failed to preserve this issue for appeal. While his suppression motion apparently challenged the validity of the warrant itself, there is nothing in the record to indicate that defendant questioned whether the police complied with the warrant.

My conclusion concerning the 30-day period of interception authorized by the warrant renders academic the question of the timeliness of the sealing of the tapes, for the tapes were sealed on the last day of the 30-day period authorized by the warrant (*see,* CPL 700.50 [2]). Thus, in view of the lack of merit to the remainder of the arguments presented by defendant on this appeal, I would affirm the judgment of conviction.

KANE, MAIN and WEISS, JJ., concur with MAHONEY, P. J.; CASEY, J., dissents and votes to affirm in an opinion.

Judgment reversed, on the law, defendant's plea of guilty vacated, and matter remitted to Supreme Court for further proceedings not inconsistent herewith.