■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. BAVISOTTO, Appellant.—Judgment unanimously modified, on the law, and as modified, affirmed, in accordance with the following memorandum: On appeal from a judgment of conviction for criminal sale of a controlled substance in the first degree and related offenses, defendant's primary claim is that three eavesdropping warrants were issued without probable cause because the People did not establish "that normal investigative procedures have been tried and have failed, or reasonably appear to be unlikely to succeed if tried, or to be too dangerous to employ" (CPL 700.15 [4]; 700.20 [2] [d]). We disagree. Unlike the conclusory affidavits submitted in support of the eavesdropping warrants in *People v Viscomi* (113 AD2d 76), the affidavits and attached exhibits here established that the nature and magnitude of the involvement of defendant and others in drug operations in the Steuben-Chemung Counties area and the evasiveness of defendant and his associates made it unlikely that normal investigative procedures, such as physical surveillance, undercover operatives or use of a search warrant, would reveal the sources of the drug supply or enable the police to gather evidence against the higher echelon of the drug operation. Under the circumstances of this case, issuance of the eavesdropping warrants was not an abuse of discretion *(see, People v Carson,* 99 AD2d 664, 665; *People v Romney,* 77 AD2d 482, 484-485; *People v Versace,* 73 AD2d 304, 307-308; *People v Penna,* 53 AD2d 941, 942).

We agree with defendant, however, that the evidence was insufficient to support the convictions for conspiracy in the second and fourth degrees, respectively, under counts two and four of the indictment. Nothing in the November 2, 1980

telephone conversation between defendant and Gina establishes an agreement to sell cocaine to Missien under the second count. Similarly, nothing in the November 6, 1980 conversation between defendant and Gina establishes an agreement to sell marihuana to Gina. Since the crime of conspiracy is an offense separate and distinct from the crime that is the object of the conspiracy (see, People v McGee, 49 NY2d 48, 57, cert denied sub nom. Waters v New York, 446 US 942), counts two and four of the indictment must be dismissed (cf. People v Krasnewicz, 116 AD2d 1016).

We also agree with defendant that evidence of marihuana-related conversations should have been suppressed. The warrant, insofar as it authorized eavesdropping for evidence of such conversations, was unauthorized because it was outside the scope of CPL 700.05 (8) in 1980 (see, People v Hoffman, 115 AD2d 257). Accordingly, all of the conversations relating to marihuana should have been suppressed and the conviction involving criminal sale of marihuana (count four) must be reversed.

We have considered defendant's remaining claims and find that none requires reversal. We note that the claim regarding untimely sealing of the tapes was not preserved for review and, on this record, we decline to reach it in the interest of justice (cf. People v Paluska, 109 AD2d 389, 390). In any event, the contents of the seizure could be used for investigative purposes or to establish probable cause, though it might not have been admissible at trial (United States v Fury, 554 F2d 522, 532, cert denied sub nom. Quinn v United States, 433 US 910). Defendant's challenge to the constitutionality of the three-district jury system formerly used in Steuben County has been rejected by the Court of Appeals (People v Shedrick, 66 NY2d 1015, 1017).

Therefore, defendant's judgment for convictions under counts two, three and four of the indictment is reversed, those counts are dismissed and the sentences imposed thereon are vacated. (Appeal from judgment of Stueben County Court, Finnerty, J.—criminal sale of controlled substance, first degree.) Present—Denman, J. P., Green, Pine, Balio and Schnepp, JJ.