■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. CANTINERI, Appellant.—Judgment unanimously reversed on the law, defendant's motion to suppress telephone conversations intercepted after November 9, 1980 granted, and matter remitted to Steuben County Court for further proceedings on the indictment. Memorandum: Defendant entered a plea of guilty to criminal possession of a controlled substance in the fourth degree following denial of his motion to suppress telephone conversations intercepted after November 9, 1980. Interceptions obtained on November 13 and 14,

1980 served as the basis for a warrant to search defendant's residence.

Defendant's arrest and subsequent conviction arose from a narcotics investigation conducted by the State Police in Chemung and Steuben Counties during 1980. As a part of that investigation, three eavesdropping warrants were secured for interception of telephone conversations. This court previously held in a related case that issuance of the August 28, 1980, October 6, 1980 and October 22, 1980 warrants was proper under the circumstances *(People v Bavisotto,* 120 AD2d 985, *lv denied* 68 NY2d 912, *cert denied* — US —, 107 S Ct 1572).

The October 22, 1980 warrant provided that interception was authorized for a period of 30 days from the date of commencement of the interception process. It further provided for a progress report on the tenth day following commencement, "at which time this Court shall determine the extent to which continued daily interception shall be permitted". On November 1, 1980, the Steuben County District Attorney's office made such a report and, as a result, an order amending warrant was issued. That order provided authorization for interception "until the 10th day following the 30th day of October, 1980", and directed that a progress report be made within that period at which time the court would determine the extent of continued permissible interception. There is no evidence in this record that the required progress report was made, and no further order of the court was entered authorizing interception beyond the date set by the order of November 1, 1980.

Ordinarily, the failure to make an interim report does not require suppression of conversations intercepted during the period authorized by a lawful eavesdropping warrant *(People v Marino,* 49 NY2d 774). Here, however, the November 1, 1980 order authorized interception only for 10 days beyond October 30, thus modifying the period of lawful interception. Since there must be strict compliance with the provisions of CPL article 700, New York's eavesdropping statute *(People v Winograd,* 68 NY2d 383; *People v Schulz,* 67 NY2d 144), that order must be strictly construed. By its terms, the warrant expired on November 9, absent further court order. The conversations implicating defendant were thus illegally intercepted on November 13 and 14, 1980. Accordingly, defendant's motion to suppress those conversations must be granted. (Appeal from judgment of Steuben County Court, Scudder, J., at trial; Reed, J., on suppression issue—criminal possession of controlled

substance, fourth degree.) Present—Dillon, P. J., Denman, Balio, Lawton and Davis, JJ.