■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO QUEZADA, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: We reject defendant's claim that the application for an eavesdropping warrant failed to contain an adequate statement of facts establishing that ordinary investigative procedures had been, or would be, unsuccessful (see, CPL 700.20 [2] [d]). The affidavit of Lt. Frank Sardino, the supervising officer of drug-related investigations and a 21-year veteran of the police department, contained a detailed description of the five-month investigation leading up

to the application. This description revealed that an undercover officer had purchased cocaine from Wilfredo Garcia, but had been unable to purchase directly from his supplier; that Garcia ordered his drugs by calling a person identified as "Carlos" at a phone traced to 338 Holland Avenue in Syracuse; and that the vehicle used to transport the drugs from Holland Avenue to Garcia's residence was registered to defendant. The Holland Avenue building contained several residential units, and stationary surveillance at that address over several days was unable to further identify the actual supplier or penetrate the trafficking operation. Also, the person transporting the drugs spotted the vehicular surveillance by police, and that surveillance was discontinued. This factual portrayal satisfied the People's burden of demonstrating that ordinary investigative procedures would be unlikely to succeed, and the court did not err by refusing to suppress the recorded conversations *(People v Bavisotto,* 120 AD2d 985, *lv denied* 68 NY2d 912, *cert denied* 480 US 933; *People v Baris,* 116 AD2d 174, *lv denied* 67 NY2d 1050; *People v Romney,* 77 AD2d 482).

No factual basis was set forth to support the claim that defendant's sentence was harsh and excessive, and the mere fact that other cases, decided under differing factual circumstances, reveal a lesser sentence for the same crime does not warrant disturbing the trial court's exercise of discretion *(see, People v Hoppe,* 47 AD2d 571). Also without merit is defendant's claim that the plea was not made knowingly and voluntarily. Defendant was assisted by an interpreter, and the record fails to support the suggestion that defendant did not understand what he was doing *(see, People v Herrera,* 107 AD2d 1040). The contention that the tape recordings were not properly sealed was not raised before the trial court. This issue was not preserved for our review *(People v Tutt,* 38 NY2d 1011), and discretionary review in the interests of justice is not warranted (CPL 470.15 [6] [a]). (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.—criminal sale of controlled substance, second degree.) Present —Dillon, P. J., Callahan, Green, Pine and Balio, JJ.