■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v NILO BACHILLER, Respondent.—Order unanimously reversed on the law, defendant's motion to suppress denied and matter remitted to Supreme Court, Onondaga County, for further proceedings, in accordance with the following memorandum: Supreme Court erred in gránting defendants' motions to suppress evidence seized pursuant to an eavesdropping warrant. The confidential informant was reliable because he personally dealt with defendants' customers and knew that they purchased cocaine from defendants *(see, Draper v United States,* 358 US 307). The informant's information was corroborated by information from a pen register on defendants' telephone and by police knowledge that defendants and their customers had criminal backgrounds involving drug-related activities *(see, People v Elwell,* 50 NY2d 231, 237, 242; *People v Gaspar,* 132 AD2d 990, *appeal dismissed* 71 NY2d 887). Reading the application in support of the eavesdropping warrant in a common-sense and realistic manner *(see, People v Hanlon,* 36 NY2d 549, 559) and giving great deference to the determination by the issuing Magistrate *(see, People v Griminger,* 71 NY2d 635, 640), we conclude that the warrant was supported by probable cause *(see, People v Tambe,* 71 NY2d 492).

The People established that normal investigative procedures had been tried and failed or that if tried would likely fail *(see,* CPL 700.20 [2] [d]). The application recited that defendants refused to deal directly with the informant, that the police

attempts at physical surveillance were frustrated by defendants' erratic and evasive behavior and that continued surveillance of defendants' home in a residential neighborhood could easily be detected and, in any event, would be unproductive *(see, People v Quezada,* 145 AD2d 950, 951; *People v Bavisotto,* 120 AD2d 985, *lv denied* 68 NY2d 912, *cert denied* 480 US 933; *People v Baris,* 116 AD2d 174, *lv denied* 67 NY2d 1050; *People v Carson,* 99 AD2d 664; *cf., People v Viscomi,* 113 AD2d 76, *lv denied* 67 NY2d 658). (Appeal from order of Supreme Court, Onondaga County, Gorman, J.—suppress evidence.) Present—Dillon, P. J., Boomer, Green, Balio and Davis, JJ.