■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON MERCEDES, Appellant.—Appeal unanimously dismissed. Memorandum: The record establishes that defendant waived his right to appeal as a condition of a negotiated plea bargain and sentence *(see, People v Seaberg,* 74 NY2d 1). The record further establishes that defendant's guilty plea was knowingly, intelligently and voluntarily entered in the presence of counsel and after the court had fully apprised him of the consequences of his plea *(see, People v Harris,* 61 NY2d 9; *People v O'Keefe,* 170 AD2d 1020; *People v Gomez,* 142 AD2d 649, *lv dismissed* 73 NY2d 786). Although defendant claims that he had a limited understanding of the English language, it is clear from the record that an interpreter was present and assisted defendant throughout the plea and sentencing proceedings *(see, People v Martes,* 154 AD2d 946, *lv denied* 75 NY2d 870; *People v Quezada,* 145 AD2d 950, 951; *People v Herrera,* 107 AD2d 1040). Defendant acknowledged, through the interpreter, that he understood the terms of the plea bargain and that he willingly accepted them. Moreover, if we were to reach the merits, we would find that

the court did not abuse its discretion in summarily denying defendant's motion to withdraw his guilty plea based upon defendant's generalized claims of innocence and coercion, which were not made during the plea allocution and are unsupported by the record *(see, People v O'Keefe, supra; People v Gardner,* 150 AD2d 722; *People v Gomez, supra).* Thus, this appeal should be dismissed *(see, People v Moissett,* 76 NY2d 909; *People v Derby,* 168 AD2d 969). (Appeal from Judgment of Onondaga County Court, Burke, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Dillon, P. J., Callahan, Denman, Boomer and Lowery, JJ.