◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS A. MCQUILLER, Appellant.—Appeal unanimously dismissed *(see, People v Lesesne,* 172 AD2d 1070). (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Attempted Rape, 3rd Degree.) Present—Doerr, J. P., Green, Pine, Balio and Lowery, JJ.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BRYANT, Appellant.—Judgment unanimously affirmed. Memorandum: There is no merit to defendant's contention that evidence obtained as a result of an eavesdropping warrant should have been suppressed. In reviewing the application for an eavesdropping warrant, the People's showing must be reviewed in a practical and common sense, not hypertechnical, fashion in the context of the subject investigation *(see, People v Hafner,* 152 AD2d 961, 962; *People v Campaigni,* 151 AD2d 1010, *lv denied* 74 NY2d 845; *People v Baris,* 116 AD2d 174, 187, *lv denied* 67 NY2d 1050; *People v Gallina,* 95 AD2d 336, 340). In the circumstances of this case, we find that the People adequately established that there was probable cause for the warrant and that normal investigative techniques were unavailing *(see, People v Bachiller,* 159 AD2d 955, *lv denied* 76 NY2d 784; *see also,* CPL 700.15).

We have examined defendant's other contention and find it to be without merit. (Appeal from Judgment of Monroe County Court, Connell, J.—Conspiracy, 2nd Degree.) Present—Denman, J. P., Boomer, Lawton, Lowery and Davis, JJ.