■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANOLO RUIZ, Appellant. [603 NYS2d 646] —Judgment unanimously affirmed. Memorandum: Defendant's voice was intercepted on calls to two telephones that were the subject of eavesdropping warrants issued pursuant to CPL article 700. After an unsuccessful motion to suppress, defendant entered a plea of guilty to one count of conspiracy in the second degree and was sentenced to a term of incarceration of one to three years. He now challenges the propriety of the eavesdropping warrant on the telephone of William Bryant and the adequacy of minimization with respect to the eavesdropping warrant on the telephone of Lydia Ortiz.

We have previously held that the eavesdropping warrant on the telephone of William Bryant was properly issued (People v Bryant, 175 AD2d 675, lv denied 78 NY2d 1010).

The People sustained their burden of showing that procedures were established to minimize the interception of nonpertinent calls, and that a conscientious effort was made to follow such procedures (see, People v Floyd, 41 NY2d 245, 250; CPL

700.30 [7]). Defendant has not established that the eavesdropping warrant on the telephone of Lydia Ortiz, which allowed the full recording of foreign-language calls with later minimization "as soon as practicable", was in error. Given the scope and circumstances of the investigation, in which a limited number of Spanish-speaking investigators were available to monitor calls, the order was not unreasonable (see, People v Floyd, supra). (Appeal from Judgment of Monroe County Court, Connell, J.—Conspiracy, 2nd Degree.) Present—Pine, J. P., Lawton, Fallon, Doerr and Davis, JJ.