■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK J. POVOSKI, JR., Appellant. [910 NYS2d 618]—

Appeal from a judgment of the Supreme Court, Monroe County (John J. Ark, J.), rendered July 26, 2006. The judgment convicted defendant, upon his plea of guilty, of arson in the third degree (four counts) and criminal mischief in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of four counts of arson in the third degree (Penal Law § 150.10 [1]) and one count of criminal mischief in the second degree (§ 145.10). Defendant contends that his plea was not knowing and voluntary because Supreme Court, Monroe County, erred in requiring as a condition of the plea that defendant withdraw a notice of appeal from a prior judgment entered in Ontario County. Although that contention survives defendant's waiver of the right to appeal, defendant failed to preserve that contention for our review (*see People v Poleun*, 75 AD3d 1109 [2010]; *People v Diaz*, 62 AD3d 1252 [2009], *lv denied* 12 NY3d 924 [2009]). In any event, that contention is without merit. The record establishes that the court indicated to defendant that its determination whether the

sentences imposed on the conviction would run concurrently with the sentence previously imposed in Ontario County depended upon whether defendant waived his right to appeal from the Ontario County judgment. The court further explained to defendant that he would be asked at sentencing to sign a written waiver of his right to appeal from the judgment entered in Ontario County, and defendant signed that waiver. Thus, we conclude that the court did not impermissibly foreclose our review of those contentions raised in the appeal from the Ontario County judgment that survived defendant's waiver of the right to appeal in that case (*see generally People v Callahan*, 80 NY2d 273, 285 [1992]; *People v Seaberg*, 74 NY2d 1, 10-11 [1989]). Indeed, defendant did not withdraw his notice of appeal from that judgment and, in that prior appeal, we concluded that defendant's waiver of the right to appeal was knowing and voluntary, despite the fact that it was executed as a condition of the plea entered in Monroe County (*People v Povoski*, 55 AD3d 1221 [2008], *lv denied* 11 NY3d 929 [2009]). Present—Scudder, P.J., Martoche, Centra, Fahey and Green, JJ.