■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL D. CALDWELL, Appellant. [910 NYS2d 740]—

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered June 27, 2007. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of burglary in the first degree (Penal Law § 140.30 [4]). We reject the contention of defendant that County Court erred in refusing to suppress evidence obtained as a result of an allegedly unlawful arrest without conducting a hearing. In support of that part of the omnibus motion seeking to suppress such evidence, defendant submitted only defense counsel's affirmation containing conclusory statements, and he therefore failed to raise factual issues sufficient to require a hearing (see CPL 710.60 [3] [b]; see generally People v Bryant, 8 NY3d 530, 533 [2007]; People v Mendoza, 82 NY2d 415, 426 [1993]). When there is "no dispute as to the underlying facts, but only as to application of the law to the facts, . . . the motion [can] be determined on papers alone" (Mendoza, 82 NY2d at 427).

Contrary to the further contention of defendant, the court did not abuse its discretion in denying his motion to withdraw the plea without conducting a hearing. "Only in the rare instance will a defendant be entitled to an evidentiary hearing" with respect to such a motion (People v Tinsley, 35 NY2d 926, 927 [1974]) and, here, the contention of defendant that he did not understand that he was entering a guilty plea is belied by his statements during the plea colloquy (see People v James, 71 AD3d 1465 [2010]). Finally, the sentence is not unduly harsh or severe. Present—Centra, J.P., Fahey, Peradotto, Lindley and Green, JJ.