■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AWED GEBREYESUS, Appellant. [19 NYS3d 460]—

Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered June 3, 2013. The judgment convicted defendant, upon his plea of guilty, of attempted murder in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his guilty plea of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), defendant contends that his waiver of the right to appeal is invalid. We reject that contention. The record establishes that defendant waived his right to appeal as a condition of a negotiated plea bargain and sentence (*see People v Mercedes*, 171 AD2d 1044, 1044 [1991], *lv denied* 77 NY2d 998 [1991]). To the extent that defendant contends that his waiver of the right to appeal is invalid because the court did not conduct an "in-depth examination . . . concerning the potential language barriers," we note that an interpreter was present and assisted defendant throughout the plea and sentencing proceedings (*see id.*; *see also People v Rosa-Sanchez*, 267 AD2d 981, 981 [1999], *lv denied* 95 NY2d 938 [2000]). Moreover, the record establishes that defendant reviewed the written waiver of the right to appeal with his attorney, stated that he understood it completely, and had no questions for the court with respect to it. Defendant's waiver of the right to appeal forecloses review of defendant's remaining contentions, and we therefore do not reach them (*see generally People v Lopez*, 6 NY3d 248, 255 [2006]). Present—Smith, J.P., Peradotto, Lindley, Valentino and DeJoseph, JJ.