# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1228**
**KA 13-01487**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.
_____

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

       V         MEMORANDUM AND ORDER

AWET GEBREYESUS, DEFENDANT-APPELLANT.
_____

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF
COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF
COUNSEL), FOR RESPONDENT.
-----------------------------------------------------------------------

   Appeal from a judgment of the Supreme Court, Erie County (Deborah
A. Haendiges, J.), rendered June 3, 2013.  The judgment convicted
defendant, upon his plea of guilty, of attempted murder in the second
degree.

   It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

   Memorandum:  On appeal from a judgment convicting him upon his
guilty plea of attempted murder in the second degree (Penal Law §§
110.00, 125.25 [1]), defendant contends that his waiver of the right
to appeal is invalid.  We reject that contention.  The record
establishes that defendant waived his right to appeal as a condition
of a negotiated plea bargain and sentence (*see People v Mercedes*, 171
AD2d 1044, 1044, *lv denied* 77 NY2d 998).  To the extent that defendant
contends that his waiver of the right to appeal is invalid because the
court did not conduct an "in-depth examination . . . concerning the
potential language barriers," we note that an interpreter was present
and assisted defendant throughout the plea and sentencing proceedings
(*see id.; see also People v Rosa-Sanchez*, 267 AD2d 981, 981, *lv denied*
95 NY2d 938).  Moreover, the record establishes that defendant
reviewed the written waiver of the right to appeal with his attorney,
stated that he understood it completely, and had no questions for the
court with respect to it.  Defendant's waiver of the right to appeal
forecloses review of defendant's remaining contentions, and we
therefore do not reach them (*see generally People v Lopez*, 6 NY3d 248,
255).

Entered:  November 20, 2015       Frances E. Cafarell
                    Clerk of the Court