■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD HOUGH, SR., Appellant. [51 NYS3d 272]—Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered March 19, 2015. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [2]). Defendant's contention that County Court erred in accepting his "involuntary and illegal" plea is not preserved for our review inasmuch as defendant did not move to withdraw his plea of guilty or to vacate the judgment of conviction (*see People v Lugg*, 108 AD3d 1074, 1075 [2013]; *People v Burney*, 93 AD3d 1334, 1334 [2012]; *see generally People v Pastor*, 28 NY3d 1089, 1090-1091 [2016]). Moreover, because nothing in the record of the proceedings before the court calls into question the voluntariness of defendant's plea or casts significant doubt upon his guilt, this case does not fall within the exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Mobley*, 118 AD3d 1336, 1337 [2014], *lv denied* 24 NY3d 1121 [2015]). There is no merit to defendant's contention that the sentence is illegal (*see* Penal Law § 70.06 [6] [b]). Finally, even assuming, arguendo, that defendant's waiver of the right to appeal was invalid and thus does not preclude our review of his challenge to the severity of the sentence (*see People v Davis*, 114 AD3d 1166, 1167 [2014], *lv denied* 23 NY3d 1035 [2014]; *People v Theall*, 109 AD3d 1107, 1108 [2013], *lv denied* 22 NY3d

1159 [2014]), we nevertheless conclude that the sentence is not unduly harsh or severe. Present—Whalen, P.J., Smith, Carni, Lindley and NeMoyer, JJ.