■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIKA BROWN, Appellant. [59 NYS3d 227]—Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered June 15, 2016. The judgment convicted defendant, upon her plea of guilty, of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and one count of criminal possession of a controlled substance in the third degree (§ 220.16 [1]). At the outset, we conclude that defendant knowingly, voluntarily and intelligently waived her right to appeal, and that waiver encompasses her challenge to the severity of the sentence (see People v Lopez, 6 NY3d 248, 255-256 [2006]). The further contention of defendant that the sentence is illegal, however, survives her waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 9 [1989]; People v Bussom, 125 AD3d 1331, 1331 [2015]). Nevertheless, contrary to defendant's contention, we conclude that County Court imposed a legal sentence.

To the extent that defendant contends that the plea was not knowing, voluntary and intelligent because the court failed to conduct a sufficient inquiry to determine whether she understood the consequences of the plea, that contention also

survives her valid waiver of the right to appeal (*see People v Green*, 122 AD3d 1342, 1343 [2014]; *People v Povoski*, 78 AD3d 1533, 1533 [2010], *lv denied* 16 NY3d 799 [2011]). Defendant's contention, however, is not preserved for our review because she did not move to withdraw the plea or to vacate the judgment of conviction on that ground (*see People v Hough*, 148 AD3d 1671, 1671 [2017]; *People v Brinson*, 130 AD3d 1493, 1493 [2015], *lv denied* 26 NY3d 965 [2015]). We conclude in any event that defendant's contention is "belied by [her] statements during the plea colloquy" (*People v Rickard*, 262 AD2d 1073, 1073 [1999], *lv denied* 94 NY2d 828 [1999]; *see People v Hampton*, 142 AD3d 1305, 1306-1307 [2016], *lv denied* 28 NY3d 1124 [2016]; *People v Caldwell*, 78 AD3d 1562, 1563 [2010], *lv denied* 16 NY3d 796 [2011]). The record reveals that an interpreter was present throughout the plea proceeding, and defendant "acknowledged, through the interpreter, that [she] understood the terms of the plea bargain and that [she] willingly accepted them" (*People v Mercedes*, 171 AD2d 1044, 1044 [1991], *lv denied* 77 NY2d 998 [1991]; *see People v Martes*, 154 AD2d 946, 946 [1989], *lv denied* 75 NY2d 870 [1990]; *People v Quezada*, 145 AD2d 950, 951 [1988]). Present—Whalen, P.J., Carni, Lindley, Curran and Scudder, JJ.