People v Smith (2018 NY Slip Op 04247)





People v Smith


2018 NY Slip Op 04247


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND TROUTMAN, JJ.


796 KA 17-00489

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LEWIS SMITH, DEFENDANT-APPELLANT. 






DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.
LEWIS SMITH, DEFENDANT-APPELLANT PRO SE.
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered January 17, 2017. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), defendant contends that his plea was not knowing, voluntary and intelligent because the prosecutor, eight months before the plea, incorrectly stated that defendant could be sentenced as a persistent felony offender (cf. People v Boykins, — AD3d &mdash, &mdash, 2018 NY Slip Op 02919, *2-3 [Apr. 27, 2018] [4th Dept 2018]). Defendant's contention is not preserved for our review inasmuch as he "did not move to withdraw the plea or to vacate the judgment of conviction on [the] ground" now raised on appeal (People v Brown, 151 AD3d 1951, 1952 [4th Dept 2017], lv denied 29 NY3d 1124 [2017]; see People v Gast, 114 AD3d 1270, 1270 [4th Dept 2014], lv denied 22 NY3d 1198 [2014]). In any event, that contention is without merit (see People v Johnson, 24 AD3d 1259, 1259 [4th Dept 2005], lv denied 6 NY3d 814 [2006]; see also People v Morrison, 78 AD3d 1615, 1616 [4th Dept 2010], lv denied 16 NY3d 834 [2011]).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court