People v Reynolds (2025 NY Slip Op 01745)

People v Reynolds

2025 NY Slip Op 01745

Decided on March 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, GREENWOOD, AND HANNAH, JJ.

205 KA 23-00690

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LEROY REYNOLDS, DEFENDANT-APPELLANT. 

TYSON BLUE, MACEDON, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered March 20, 2023. The judgment convicted defendant upon a guilty plea of attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his guilty plea of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]), defendant contends that Supreme Court erred in denying that part of his omnibus motion seeking suppression of a loaded firearm found by the police during an inventory search following a stop of the vehicle he was operating. According to defendant, the firearm should be suppressed because the search of the vehicle was unlawful. Although defendant does not challenge the validity of his waiver of the right to appeal, he asks us to address his suppression contention as a matter of discretion in the interest of justice pursuant to CPL 470.15 (3) (c). However, defendant's valid waiver of his right to appeal forecloses our review of his suppression claim (see People v Seaberg, 74 NY2d 1, 9-10 [1989]; People v Hill, 16 AD3d 229, 229 [1st Dept 2005]; People v Graham, 220 AD2d 215, 215 [1st Dept 1995], lv denied 87 NY2d 1019 [1996]).
Defendant's remaining contention—that his guilty plea was not voluntarily entered—survives his valid waiver of the right to appeal (see People v Dozier, 59 AD3d 987, 987 [4th Dept 2009], lv denied 12 NY3d 815 [2009]). By failing to move to withdraw his plea or to vacate the judgment, however, defendant failed to preserve that contention for our review (see People v Edmonds, 229 AD3d 1275, 1276 [4th Dept 2024], lv denied — NY3d — [2025]; People v Brown, 151 AD3d 1951, 1952 [4th Dept 2017], lv denied 29 NY3d 1124 [2017]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Entered: March 21, 2025
Ann Dillon Flynn
Clerk of the Court