People v Desino (2026 NY Slip Op 00692)

People v Desino

2026 NY Slip Op 00692

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, NOWAK, AND DELCONTE, JJ.

101 KA 25-00294

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vMICHAEL J. DESINO, DEFENDANT-APPELLANT. 

THOMAS L. PELYCH, HORNELL, FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Ontario County (Craig J. Doran, J.), rendered November 13, 2024. The judgment convicted defendant upon his plea of guilty of criminal possession of a forged instrument in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a forged instrument in the second degree (Penal Law § 170.25). We affirm.
At the outset, we conclude that there is no reason for us to address defendant's contention that his waiver of the right to appeal is invalid, inasmuch as defendant's substantive contention challenging the plea would survive even a valid waiver of the right to appeal (see People v Williams, 198 AD3d 1308, 1309 [4th Dept 2021], lv denied 37 NY3d 1149 [2021]; see also People v Thompson, 219 AD3d 1666, 1667 [4th Dept 2023], lv denied 41 NY3d 944 [2024]; People v Brown, 151 AD3d 1951, 1951-1952 [4th Dept 2017], lv denied 29 NY3d 1124 [2017]).
Defendant contends that his plea was not knowingly, intelligently, and voluntarily entered because he did not understand the plea proceeding due to his limited education, the complexity of the rights he was forfeiting, and his lack of sufficient time to discuss the matter with counsel. By not moving to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve that contention (see People v Seymore, 188 AD3d 1767, 1768 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]; Brown, 151 AD3d at 1952). We conclude in any event that defendant's contention is belied by his statements during the plea colloquy (see Brown, 151 AD3d at 1952).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court