■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL HARDY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 1, 1975, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. The defendant attacks the refusal of the sentencing court to permit him to withdraw his plea of guilty as an abuse of discretion. He also claims it denied him due process by its failure to advise him that he would not be free to withdraw his plea without the consent of the court, denied him the effective aid of counsel, and failed to comply with the requirements of section 2 of article I of the Constitution of the State of New York because his waiver of his right to a trial by jury by his plea of guilty had not been made "by a written instrument signed by the defendant in person in open court". The defendant's request to withdraw his plea of guilty was made on the ground that he had a valid justification for the commission of the crimes charged in the indictment. However, his explanation of that claim to the court, taken in the light most favorable to him,

indicates that his claim of self-defense was applicable to only two of the three counts of the indictment and left undisturbed his admission to the court, at the time it accepted his plea of guilty, of his guilt of the third count, which charged him with assault in the second degree. We hold that the court's refusal to consent to defendant's withdrawal of his plea of guilty was a proper exercise of discretion (see *People v Dixon,* 29 NY2d 55, 57; *People v Garrett,* 43 AD2d 503, 508). We find nothing in the record on appeal to sustain defendant's claims of denial of due process and of the effective aid of counsel (see *People v Tomaselli,* 7 NY2d 350, 356). Nor is there any merit to defendant's claim that his waiver of his right to a trial by jury by his oral plea of guilty in open court was invalid as a violation of the requirements of section 2 of article I of the State Constitution for waiver of that right. That section is not applicable to a plea of guilty by which a defendant elects not to litigate his guilt, but instead gives to a defendant who elects to stand trial the right to obtain a trial before the court without a jury, provided he waives his right to a trial by jury in writing in open court *(People ex rel. Wannamaker v Wallack,* 17 AD2d 872; *People ex rel. Brackett v Martin,* 266 App Div 939, app dsmd 295 NY 888). Latham, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.