OPINION OF THE COURT
John J. Connell, J.
On October 6, 1995, the above-named defendants were indicted for the crimes of attempted robbery in the first degree *379 and assault in the first degree, involving an incident that allegedly occurred on or about September 27, 1995 in which a store owner, Elvis Martinez, was allegedly shot during the course of an attempted robbery at his store. On September 28, 1995, this court held a violation of probation hearing concerning defendant Darrick Sides on an unrelated matter in which the Assistant District Attorney and defense counsel both indicated that the incident concerning Elvis Martinez might be considered as a "death penalty” case by the attorney if Mr. Martinez succumbed to his injuries. After Mr. Martinez died on October 10, 1995, the District Attorney of Monroe County was quoted in several local newspaper articles as indicating that the case "might be a capital punishment case”.
Both defendants were arraigned on the assault indictment on October 11, 1995. At that point, the court adjourned the case until October 13, 1995 for bail applications and to give the District Attorney an opportunity to consider whether he would be "undertaking an investigation to determine” if the defendants would be charged with murder in the first degree (Judiciary Law § 35-b). This court then contacted the Capital Defender’s Office and advised Mr. Dunn of the above factors and requested that a representative of his office be present on the October 13 adjourned date.
On October 13, 1995, the Assistant District Attorney prosecuting the indictment indicated that his office would be presenting the matter to a different Grand Jury in light of Mr. Martinez’s death. Although he indicated that the office was going to consider all the relevant factors in deciding whether murder in the first degree would be submitted to the Grand Jury, he was reluctant to disclose any of the facts of his investigation up to that point in light of the fact that a third defendant had not yet been charged and was still being sought. Such a disclosure, the District Attorney felt, would be potentially harmful to his investigation at that stage.
This appears to be a case of first impression in dealing with section 35-b of the Judiciary Law as it relates to murder in the first degree under Penal Law § 125.27. The instant case demonstrates a gap in the law that this court is now asked to resolve. Section 35-b of the Judiciary Law, in relevant part, requires that "in every criminal action in which a defendant is charged with murder in the first degree * * * or in any criminal action in which a defendant is charged with murder in the second degree * * * and the district attorney confirms upon inquiry by the court that the district attorney is undertaking an *380 investigation to determine whether the defendant can or should be charged with murder in the first degree * * * and the court determines that there is a reasonable likelihood the defendant will be so charged” the court will then appoint the Capital Defender’s Office, where, as the case is here, the defendants are indigent.
Although the defendants have not been charged with murder in the first degree nor with murder in the second degree at this point, certainly the prosecutor has made public in-court and out-of-court statements indicating that there is the potential for this becoming a "death penalty case”. As such, both the statute and the legislative intent behind it recognize the critical need for early involvement with counsel employed by or qualified by the Capital Defender’s Office.
Accordingly, this court appoints Mr. Easton from the Capital Defender’s Office as lead counsel and Daniel Doyle as associate counsel to represent defendant Brown and appoints Felix Lapine as lead counsel and Peter Pullano as associate counsel to represent defendant Sides, in accordance with section 35-b of the Judiciary Law.