OPINION OF THE COURT
William C. Barrett, J.
Defendant is charged with kidnapping in the first degree. Following arraignment in a local criminal court in this county *68 on October 7, 1996, he was remanded without bail pending action of the Grand Jury. The felony complaint alleges that on October 4, 1996, defendant abducted two 16-year-old girls from a residence in this county resulting in the death of the two girls. Defense counsel appeared for defendant at the arraignment in the local court and requested that the Capital Defender Office be appointed to represent him pursuant to Judiciary Law § 35-b as if defendant were charged with murder in the first or second degree. The District Attorney opposed the request, as he does this motion, on the ground that without a murder charge the court was without authority to do so. The request was denied by the local court.
Judiciary Law § 35-b makes special provisions for the appointment of counsel including the Capital Defender Office, with their consent, in criminal actions in which a death sentence may be imposed. This law requires that defendant be charged with murder in the first degree (Penal Law § 125.27) or with murder in the second degree (Penal Law § 125.25), if the District Attorney confirms upon inquiry by the court that an investigation is being undertaken to determine whether the defendant can or should be charged with murder in the first degree and the court determines that it is reasonably likely that the defendant will be so charged. It is understood by the court that the Capital Defender Office consents to being appointed to represent defendant and wishes to be appointed without delay.
Although murder charges seem likely, venue remains uncertain. The victims apparently have been dismembered and the body parts scattered in various locations. The felony complaint contains statements that police investigators have found "large quantities of blood and tissue believed to have come from the victims” in Chenango County and that "blood and human tissue” were found in a vehicle allegedly abandoned by defendant in Cortland County. The prosecution reports that hundreds are currently searching and that what appear to be parts of the bodies now have been found at separate locations in three counties.
The People concede that this clearly is a murder case, potentially a capital case, and that they are actively investigating it as such. However, the actual location, method, and instrumentality of the killings remains undetermined at this time, according to the prosecution, and the murder charges may be brought in another county. No affidavit of indigence has been submitted to this court but defense counsel represents *69 to this court that defendant has filed an affidavit of indigence with the local office of assigned counsel and has received assurances from them that defendant will qualify for assigned counsel.
Defense counsel avers in his supporting affirmation that defendant’s family "may not have the resources available with which to retain private counsel” and that his future position as defendant’s attorney "is by no means clear”. He contends that he lacks resources to provide adequate representation at this critical stage, pointing out the need to interview witnesses while their memories are fresh.
The People contend that Judiciary Law § 35-b clearly does not allow this court to appoint the Capital Defender Office at this stage of the prosecution. The District Attorney points out that the Court of Appeals has ruled many times that trial courts must follow the plain language of a statute if it is clear and unambiguous, citing People v Bolden (81 NY2d 146, 154); People v Laing (79 NY2d 166); Matter of Schmidt v Roberts (74 NY2d 513); and People v Boston (75 NY2d 585).
Although the court agrees with the arguments put forth by the People, it is equally clear that the Legislature intended to ensure adequate resources to the defense in potentially capital cases. If the Capital Defender Office feels that it has the authority to accept appointment in this case at this stage the court sees no harm in making the appointment. There is precedent for this decision. (See, People v Brown, 166 Misc 2d 378 [Monroe County Ct 1995].)