OPINION OF THE COURT
David D. Egan, J.
This is a death penalty case. Three months elapsed between defendant’s initial arraignment on noncapital murder charges, inter alia, second degree (depraved indifference) murder, in *318 June 1999, and the People’s formal notification to the defendant that he would be charged with first degree murder in September 1999.[1] Almost a full year later and only one week before a jury panel of 700 prospective jurors was summoned to appear in early September 2000, defendant brought this motion arguing he was denied effective assistance of counsel since he did not have the benefit of appointed counsel under Judiciary Law § 35-b, which governs the appointment of counsel in a capital case. Defendant requests that the death notice be stricken, or that an evidentiary hearing be held. In supplemental papers, defendant alternatively asks this court to prohibit the People from using at trial any information resulting from the investigation which it undertook to determine if defendant should be charged with first degree murder or for a three-month adjournment.
The counsel appointed to represent defendant under County Law article 18-B at his initial arraignment was both qualified to act and ultimately appointed as defendant’s lead counsel pursuant to Judiciary Law § 35-b. Defendant, however, argues that the lack of a Judiciary Law § 35-b designation abridged his rights, since such designation gives a capital defendant both the right to the appointment of an associate counsel, as well as access to “adequate * * * investigative, expert or other reasonably necessary services.” (Judiciary Law § 35-b [1], [2], [8].)
Judiciary Law § 35-b (1) provides in part:
“in any criminal action in which a defendant is charged with murder in the second degree as defined in section 125.25 of the penal law and the district attorney confirms upon inquiry by the court that the district attorney is undertaking an investigation to determine whether the defendant can or should be charged with murder in the first degree as defined in section 125.27 of the penal law and the court determines that there is a reasonable likelihood the defendant will be so charged * * * the defendant shall be entitled to the appointment of counsel and investigative, expert and such other reasonably necessary services in accordance with *319 the provisions of this section.” (Emphasis added.)
And Judiciary Law § 35-b (2) provides in part: “[w]ith respect to counsel at trial and at a separate sentencing proceeding, the court shall appoint two attorneys, one to be designated lead’ counsel and the other to be designated ‘associate’ counsel.”
The People concede they did not formally notify defendant that he would be charged with first degree murder until September 9, 1999, but assert that by late June 1999 they had informed both defendant’s counsel and the Capital Defender Office that there was a possibility of first degree murder charges being filed.
At least one court has stated that Judiciary Law § 35-b mandates the “early involvement” of capital representation for a defendant under investigation for first degree murder. (People v Brown, 166 Misc 2d 378, 380 [Monroe County Ct 1995]; see also, People v Andrews, 170 Misc 2d 67, 69 [Tompkins County Ct 1996].) For that reason, the People’s equivocations upon inquiry failed to notify the court of the ongoing first degree murder investigation in violation of Judiciary Law § 35-b. But even assuming that defendant was improperly denied Judiciary Law § 35-b (8) representation for a three-month period, defendant has failed to demonstrate any prejudice resulting from such lack of representation. (See People v Muhammed, 183 Misc 2d 591, 598-599 [Sup Ct, Kings County 2000].) Three months after his initial arraignment and 11 days before the presentation of, inter alia, first degree murder charges to the Grand Jury, the People notified the defendant of the potential first degree murder case. On or about September 15, 1999 this court assigned capital counsel.
Defendant argues that the People had an unfair advantage in reviewing “fresh” evidence and researching the background of defendant and his family. This court finds defendant has had adequate time and resources to prepare for both trial and potential mitigation. The assignment of capital counsel occurred before the Grand Jury presentation and a full year before the commencement of individual voir dire. Notably one form of relief defendant seeks is an additional three-month adjournment for pretrial preparation. Recently a 10-week adjournment was granted to the defendant for the substitution of counsel. During this same time this court required the parties to appear only twice, simply to place on the record any additional consent excusáis which the defense and the People *320 may have reached on the basis of the written juror questionnaires.[2] (See People v Owens, 186 Misc 2d 767 [2000].)
For the foregoing reasons, defendant’s motion entitled DEF-49 is denied in its entirety.

. At arraignment the Rochester City Court inquired whether there was a possibility of a capital prosecution, but the People indicated that it had no information that such a prosecution was contemplated. Pursuant to Judiciary Law § 35-b (6), the People provided notice of the second degree murder charge to the Capital Defender Office.

. Although defense counsel argued a few motions on those dates, the return dates were selected upon their request.