■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HOSTOS D. REYES, Petitioner, v STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [731 NYS2d 902] —Appeal from a judgment of the Supreme Court (Feldstein, J.), entered December 4, 2000 in St. Lawrence County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

In 1999, petitioner was convicted on his plea of guilty of the crime of criminal possession of a controlled substance in the second degree and was sentenced to a prison term of $4\frac{1}{2}$ years to life. He subsequently commenced this proceeding for a writ of habeas corpus contending, *inter alia*, that his guilty plea should not have been accepted because he was charged in the indictment with the crime of criminal possession of a controlled substance in the first degree, yet he was permitted to plead guilty to the lesser included offense of criminal possession of a controlled substance in the second degree. Supreme Court denied petitioner's application and we affirm. As petitioner could have challenged the validity of his guilty plea and the sufficiency of the indictment in the context of a CPL article 440 motion or on his direct appeal (*People v Reyes*, 276 AD2d 1017), habeas corpus relief is unavailable (*see, People ex rel. Murray v Goord*, 268 AD2d 827, 828, *lv denied* 94 NY2d 763). In addition, habeas corpus relief would be inappropriate in this matter even if the issues raised therein had merit and the petition were granted, because petitioner would not be entitled to immediate release (*see, People ex rel. Carter v Miller*, 261 AD2d 674, 675) but would remain incarcerated while his case was remitted to County Court for further proceedings (*see, e.g., People v Ulloa*, 260 AD2d 212).

Crew III, J. P., Peters, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.