■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSE HECTOR LOPEZ, Appellant, v JOHN P. KEANE, as Superintendent of Woodbourne Correctional Facility, Respondent. [740 NYS2d 888] —Rose, J. Appeal from a judgment of the Supreme Court (LaBuda, J.), entered May 10, 2001 in Sullivan County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner entered a counseled plea of guilty to the charge of murder in the second degree in Suffolk County in 1992. Prior to sentencing, he moved for leave to withdraw his guilty plea, claiming his innocence. County Court (Weissman, J.) denied the motion and sentenced him to a term of 15 years to life in prison. Petitioner's conviction was affirmed on appeal by the Second Department in 1994 (*People v Lopez*, 209 AD2d 545, *lv denied* 85 NY2d 911), and his subsequent CPL 440.10 motion was denied in 1996. In February 2001, petitioner filed this habeas corpus petition seeking release from prison, asserting that County Court's acceptance of his guilty plea deprived him of his constitutional right to a jury trial. Supreme Court denied the petition without a hearing, prompting this appeal.

We agree with Supreme Court's determination that, since petitioner could have raised his contention on his prior appeal or CPL 440.10 motion, habeas corpus relief is unavailable (*see, People ex rel. Burr v Duncan*, 289 AD2d 898, *lv denied* 97 NY2d 612; *People ex rel. Reyes v State of New York Dept. of Correctional Servs.*, 288 AD2d 523, *appeal dismissed, lv denied* 97

---

NY2d 720; *People ex rel. Brown v Keane*, 284 AD2d 813). Moreover, even if petitioner's claim were meritorious, he would, at most, be entitled to withdraw his plea of guilty and proceed to trial. The grant of habeas corpus in such circumstances is not appropriate (*see, People ex rel. Kaplan v Commissioner of Correction of City of N.Y.*, 60 NY2d 648; *People ex rel. Burr v Duncan, supra*; *People ex rel. Reyes v State of New York Dept. of Correctional Servs., supra*; *People ex rel. Brown v Keane, supra*).

In any event, were we to consider petitioner's contention, we would find it to be without merit (*see, People ex rel. Wannamaker v Wallack*, 17 AD2d 872, 873; *People ex rel. Brackett v Martin*, 266 App Div 939, *appeal dismissed* 295 NY 888; *see also, People v Hardy*, 53 AD2d 647, 648).

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.