THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SUSAN M. COBAUGH, Appellant. [875 NYS2d 688]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered February 2, 2005. The judgment convicted defendant, upon her plea of guilty, of murder in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of murder in the second degree (Penal Law § 125.25 [1]). We agree with defendant that she did not validly waive her right to appeal. Supreme Court "failed to engage[ ] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Adams*, 57 AD3d 1385 [2008] [internal quotation marks omitted]). We nevertheless affirm the judgment of conviction. We reject defendant's contention that the statements of the court at sentencing reflect its "misapprehension that it had no ability to exercise its discretion" in determining whether to impose a lesser sentence (*People v Domin*, 284 AD2d 731, 733 [2001], *lv denied* 96 NY2d 918 [2001], *decision and order amended on other grounds upon reconsideration* 291 AD2d 580 [2002]). Rather, the court acknowledged that the People would be entitled to withdraw their consent to the plea agreement in

the event that the court imposed a lesser sentence than that included in the plea bargain (*see People v Hillie*, 281 AD2d 956 [2001], *lv denied* 96 NY2d 830 [2001]). Nor does the record support defendant's further contention that the People acted in bad faith or breached the plea agreement by declining to recommend a lesser sentence based upon defendant's cooperation with their investigation. The record reflects that "in this case no promises were in fact breached" (*People v Linares*, 174 AD2d 847, 847 [1991], *lv denied* 78 NY2d 969 [1991]).

We reject the contention of defendant that she was denied effective assistance of counsel on the ground that the attorney assigned as her lead counsel was not appointed from the roster of attorneys qualified for appointment as lead counsel in capital cases (*see* Judiciary Law § 35-b [5] [a]). Defendant has failed to demonstrate any prejudice resulting from the assignment (*see People v Owens*, 187 Misc 2d 317, 319 [2001]; *see also People v Muhammed*, 183 Misc 2d 591, 594-599 [2000]). In any event, the record establishes that defendant "receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404 [1995]). We further conclude that "this is one of those 'rare occasions' where" the court's error, if any, in refusing to suppress evidence obtained through a grand jury subpoena issued in New Jersey may be considered harmless with respect to defendant's plea (*People v Strain*, 238 AD2d 452, 453 [1997], *lv denied* 90 NY2d 864 [1997]). The court properly determined that certain overbroad directives in the warrant to search defendant's New Jersey residence did not invalidate the entire warrant, which "was largely specific and based on probable cause" (*People v Brown*, 96 NY2d 80, 88 [2001]; *see People v Couser*, 303 AD2d 981, 982 [2003]). Thus, the court properly refused to suppress the notebook that was seized in accordance with the particularized portion of the warrant (*see Brown*, 96 NY2d at 85). Finally, we reject the contention of defendant that her waiver of a jury trial by her oral plea of guilty violated NY Constitution, article I, § 2 (*see People v Hardy*, 53 AD2d 647, 648 [1976]). Present— Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.