■    THE PEOPLE OF THE STATE OF NEW YORK ex rel. A. C. WHITE, Appellant, v. ERNEST L. MONTANYE, as Superintendent, Respondent.— Appeal unanimously dismissed as moot, it appearing that relator has now been released on parole (see *People ex rel. Wilder* v. *Markley,* 26 N Y 2d 648).    (Appeal from judgment of Wyoming County Court dismissing writ of habeas corpus.) Present — Moule, J. P., Cardamone, Simons, Mahoney and Del Vecchio, JJ.

■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK RANIERI, Appellant.— Judgment insofar as it imposes sentence unanimously reversed, on the law, and matter remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Appellant was convicted of criminal possession of a dangerous drug in the fifth degree upon his plea of guilty and in full satisfaction of a six-count indictment containing various drug charges.    The next day he informed the court that he wished to withdraw his plea of guilty and he promptly moved for that relief. Appellant maintains that he was the innocent victim of a "set up" by a police informer, and his motion papers demonstrate that he is in possession of evidence to support that claim.    In view of the trial court's ready acknowledgement that the informer named was known to it and considered unreliable we think a hearing on the motion to withdraw the plea is justified.    Two other issues are also raised which require comment.    Since there is a factual dispute about statements in the presentence report relied upon by the court (and which may involve the same informer), the appellant should be offered an opportunity to submit his own presentence memorandum (CPL, § 390.40) and after reviewing it, the court may, if it is so advised, hold a presentence conference to resolve any factual disputes (CPL, § 400.10).    Finally, if there is a resentencing, the appellant should be given an opportunity to speak in his own behalf before sentence is imposed (CPL, § 380.50; *People* v. *Wright,* 42 A D 2d 680).    (Appeal from judgment of Onondaga County Court convicting defendant of possession of dangerous drugs, fifth degree.)    Present — Marsh, P. J., Witmer, Simons, Mahoney and Goldman, JJ.

■    In the Matter of CASE INDUSTRIAL SUPPLY CO., INC., Respondent, v. TRUCK DRIVERS & HELPERS LOCAL 317 et al., Appellants.— Order unanimously reversed, with costs, and application denied.    Memorandum: Respondent has commenced a civil action seeking an injunction permanently restraining appellants from alleged acts of sabotage incident to an attempt to organize respondent's business.    It also has filed an unfair labor charge against appellants with the National Labor Relations Board.    Special Term granted a temporary restraining order which has now expired by its terms, and subsequently it granted a preliminary injunction, which is the order appealed from.    Before Special Term granted the preliminary injunction the appellants moved for removal of the matter to Federal court and complied with the requirements of section 1441 *et seq.* of title 28 of the United States Code to effectuate that removal. Accordingly, Special Term was without jurisdiction in the matter and its preliminary injunction is void and the order granting it is reversed (*State of South Carolina* v. *Moore,* 447 F. 2d 1067, 1072–1073).    (Appeal from order of Onondaga Special Term granting injunction.)    Present — Marsh, P. J., Witmer, Simons, Mahoney and Goldman, JJ.