■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL MARTINEZ, Appellant.—Judgment, Supreme Court, New York County (Paul P.E. Bookson, J.), rendered November 9, 1990, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a predicate felony offender to two concurrent prison terms of from 8-½ to 17 years, unanimously modified on the law and on the facts to the extent of vacating the sentence and remanding for resentencing and otherwise affirmed.

While the trial court's charge on identification was minimal it was sufficient in view of the court's general instruction on weighing the credibility of witnesses *(see, People v Whalen,* 59 NY2d 273, 279), as well as the emphasis placed on the issue of identification in the summations of both sides. Moreover, the evidence was overwhelming. However, the trial court improperly denied defense counsel's request for 24-hour adjournment to enable her to review the presentence report (CPL 390.50 [2]). Defense counsel did not waive the 24-hour period mandated by statute, and having raised questions concerning the accuracy of the presentence report, she should have been given a reasonable opportunity to refute the report in her own

presentence memorandum *(People v Ranieri,* 43 AD2d 1012; CPL 390.40 [1]). Accordingly, the sentence is vacated and the case is remanded for resentencing. Concur—Sullivan, J. P., Milonas, Kupferman, Ross and Smith, JJ.