■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MORANT, Also Known as GEORGE SMITH, Appellant. [679 NYS2d 96] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered April 28, 1995, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him to a term of 5 to 15 years, unanimously affirmed.

The totality of the record indicates that, notwithstanding his belated mistrial motion, defendant waived any claim of error in connection with the court's ruling permitting the prosecutor to inform the jury panel that the victim's absence was due to his death from natural causes unrelated to the instant robbery wherein he suffered a heart attack, and we decline to review the matter in the interest of justice. Were we to review this claim, we would find that the court appropriately exercised its discretion in the matter so as to avoid undue speculation (*People v Moulton*, 43 NY2d 944, 945).

The court's charge to the jury regarding identification appropriately stated that the issue of identification was contested; that the People had the burden of proving beyond a reasonable doubt that defendant was the perpetrator; and that the issue of identification was a question for the jury to decide, based upon careful consideration of the circumstances surrounding out-of-court identifications, as well as in-court testimony (*see, People v Felix*, 207 AD2d 729, *lv denied* 84 NY2d 1031). Al-

though the court did not specifically state that two eyewitnesses were unable to make positive in-court identifications of defendant, such an instruction was not required, particularly since defense counsel's summation repeatedly reminded the jurors of that circumstance (see, People v Martinez, 185 AD2d 191, lv denied 80 NY2d 931).

The jury was instructed in accordance with applicable principles concerning the "serious physical injury" element of first-degree robbery (Penal Law § 160.15 [1]), as requested by defendant, and since defendant failed to articulate any remaining deficiencies in the charge or request specific additional instructions regarding foreseeability, his present challenge to this charge is unpreserved and we decline to review it in the interest of justice (People v Whalen, 59 NY2d 273, 279-280; see also, People v Dekle, 56 NY2d 835). Concur—Lerner, P. J., Milonas, Wallach and Rubin, JJ.