THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYNNE M. ELARDO, Also Known as LYNNE ELARDO-BILYNSKI, Appellant. [858 NYS2d 633]—Appeal from a judgment of the Cayuga County Court (Matthew A. Rosenbaum, A.J.), rendered May 1, 2007. The judgment convicted defendant, upon her plea of guilty, of forgery in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting her upon a plea of guilty of forgery in the second degree (Penal Law § 170.10 [1]), defendant challenges the validity of her waiver of the right to appeal. We reject that challenge (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Summers, 242 AD2d 869 [1997], lv denied 91 NY2d 881 [1997]). Although the contention of defendant that her plea was not knowingly, voluntarily and intelligently entered survives her valid waiver of the right to appeal (see People v Burney, 41 AD3d 1221 [2007], lv denied 9 NY3d 863 [2007]; People v Landers, 28 AD3d 1072 [2006], lv denied 7 NY3d 758 [2006]; People v DeJesus, 248 AD2d 1023 [1998], lv denied 92 NY2d 878 [1998]), defendant failed to preserve that contention for our review by moving to withdraw the plea or to vacate the judgment of conviction (see People v Bland, 27 AD3d 1052 [2006], lv denied 6 NY3d 892 [2006]; People v McKay, 5 AD3d 1040 [2004], lv denied 2 NY3d 803 [2004]). This case does not fall within the narrow exception to the preservation requirement (see generally People v Lopez, 71 NY2d 662, 666 [1988]). The valid waiver by defendant of the right to appeal encompasses her challenge to the severity of the sentence (see Lopez, 6 NY3d at 255-256; People v Hidalgo, 91 NY2d 733, 737 [1998]). Present—Martoche, J.P., Smith, Centra, Lunn and Pine, JJ.