THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD ADAMS, Appellant. [871 NYS2d 567]—

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted forgery in the second degree (Penal Law §§ 110.00, 170.10 [2]). We agree with defendant that he did not validly waive his right to appeal. The record establishes that Supreme Court (John J. Brunetti, A.J.) failed to " 'engage[ ] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Brown*, 296 AD2d 860 [2002], *lv denied* 98 NY2d 767 [2002]; *see People v Matthews*, 24 AD3d 1306 [2005], *lv denied* 6 NY3d 850 [2006]). In any event, although the contention of defendant that his plea was not knowingly, voluntarily, and intelligently entered would survive even a valid waiver of the right to appeal (*see People v Elardo*, 52 AD3d 1272 [2008], *lv denied* 11 NY3d 787, 788 [2008]; *People v DeJesus*, 248 AD2d 1023 [1998], *lv denied* 92 NY2d 878 [1998]), we conclude that the contention of defendant is actually a challenge to the factual sufficiency of the plea allocution because he contends therein that he failed to recite the underlying facts of the crime (*see People v Williams*, 35 AD3d 1273 [2006], *lv denied* 8 NY3d 928 [2007]). Defendant failed to preserve that contention for our review (*see id.*), and this case does not fall within the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 666 [1988]). Finally, the sentence is not unduly harsh or severe. Present—Smith, J.P., Centra, Lunn, Fahey and Green, JJ.