■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS FARROW, Appellant. [872 NYS2d 619]—

Appeal from a judgment of the Onondaga County Court (Jeffrey R. Merrill, A.J.), rendered May 3, 2005. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law § 140.20), defendant contends that his waiver of the right to appeal was invalid because County Court failed even to address his waiver of the right to appeal during the plea colloquy. We agree. It is well established that "a knowing and voluntary waiver cannot be inferred from a silent record" (*People v Callahan*, 80 NY2d 273, 283 [1992]; *see generally People v Lopez*, 6 NY3d 248, 256 [2006]). The only reference to the waiver of the right to appeal is set forth in the printed waiver of indictment, which was signed by defendant and defense counsel. The waiver of indictment provides in relevant part as follows: "I further understand that I have the right to appeal from any judgment of conviction or from any sentence under this Superior Court Information. Upon discussion of this aspect of my case with my attorney, and with a full understanding of the significance of

this waiver, I hereby voluntarily waive my right to appeal as well as my right to have the court explain on the record, my right to appeal and the significance of my waiver of appeal."

The identical issue was before this Court in *People v Adams* (57 AD3d 1385 [2008]), wherein we determined that the purported waiver of the right to appeal was invalid because the court "failed to engage[ ] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (internal quotation marks omitted). The same determination is compelled in this case. It cannot be gainsaid that it is the responsibility of the court to ensure that "a defendant's understanding of the terms and conditions of a plea agreement is evident on the face of the record" (*Lopez*, 6 NY3d at 256; *see Callahan*, 80 NY2d at 283). Defendant's purported waiver cannot relieve the court of its responsibility.

We note in any event that a valid waiver of the right to appeal would not encompass defendant's challenge to the severity of the sentence in this case inasmuch as the court failed to advise defendant of the sentencing possibilities (*see People v Mingo*, 38 AD3d 1270, 1271 [2007]; *see generally People v Lococo*, 92 NY2d 825, 827 [1998]). Nevertheless, we reject defendant's challenge to the severity of the sentence. "Defendant was sentenced in accordance with the plea bargain and should be bound by its terms" (*People v McGovern*, 265 AD2d 881 [1999], *lv denied* 94 NY2d 882 [2000]). Present—Hurlbutt, J.P., Smith, Fahey, Peradotto and Pine, JJ.