■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY M. DOZIER, Appellant. [872 NYS2d 317]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered August 8, 2007. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]). We reject the challenge by defendant to the validity of his waiver of the right to appeal. Supreme Court was not required to engage in a particular litany to ensure that defendant's waiver of the right to appeal was voluntary, knowing and intelligent (*see People v Callahan*, 80 NY2d 273, 283 [1992]; *People v Pointer*, 43 AD3d 1413 [2007], *lv denied* 9 NY3d 1037 [2008]), and thus the waiver of the right to appeal was not rendered invalid based on the court's failure to require defendant to articulate the waiver in his own words (*see People v Ludlow*, 42 AD3d 941 [2007]). The valid waiver by defendant of the right to appeal includes the waiver of his right to invoke our "interest-of-justice jurisdiction to reduce the sentence" (*People v Lopez*, 6 NY3d 248, 255 [2006]).

Although the further contention of defendant that his plea was coerced and thus was not voluntary survives his valid waiver of the right to appeal (*see People v Adams*, 57 AD3d 1385 [2008]; *People v Thomas*, 56 AD3d 1240 [2008]), defendant did not move to withdraw the plea or to vacate the judgment of conviction and thus failed to preserve his contention for our review (*see People v Russell*, 55 AD3d 1314 [2008]; *People v*

*Elardo*, 52 AD3d 1272 [2008], *lv denied* 11 NY3d 787, 788 [2008]). In any event, that contention lacks merit. The court's statement informing defendant of the sentence that he could receive in the event that he went forward with a suppression hearing and trial did not constitute a threat to impose a greater sentence unless defendant pleaded guilty to the crime charged (*see People v Sung Min*, 249 AD2d 130, 131-132 [1998]; *cf. People v Beverly*, 139 AD2d 971 [1988]). Rather, the court's statement was a proper explanation of defendant's sentence exposure in the event that defendant chose not to plead guilty (*see People v Pagan*, 297 AD2d 582 [2002], *lv denied* 99 NY2d 562 [2002]). Furthermore, "[t]he fact that [the court] would not extend the [sentencing] offer once the suppression hearing began does not support the inference that the plea was coerced" (*People v Santalucia*, 19 AD3d 806, 807 [2005], *lv denied* 5 NY3d 856 [2005]). Present—Scudder, P.J., Hurlbutt, Peradotto and Gorski, JJ.