# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**998**

**KA 09-01625**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JIMMY L. MONROE, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered January 28, 2009. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that County Court abused its discretion in denying his motion to withdraw his guilty plea on the ground that the plea was not knowing, voluntary, and intelligent based, inter alia, on the court's failure to inform him of certain constitutional rights set forth in *Boykin v Alabama* (395 US 238, 243). We reject that contention. We note at the outset that, although defendant is correct that the court did not address certain rights that he waived by pleading guilty, the court was not required to do so (*see People v Harris*, 61 NY2d 9, 16, 18-19; *People v Johnson*, 60 AD3d 1496, 1496, *lv denied* 12 NY3d 926). Instead, "[t]he seriousness of the crime, the competency, experience and actual participation by counsel, the rationality of the 'plea bargain[,'] and the pace of the proceedings in the particular criminal court are among the many factors which the Trial Judge must consider in exercising discretion" during a plea colloquy (*Harris*, 61 NY2d at 16, citing *People v Nixon*, 21 NY2d 338, 353, *cert denied sub nom. Robinson v New York*, 393 US 1067).

Contrary to defendant's contention, we conclude that the plea was knowing, voluntary, and intelligent (*see generally Harris*, 61 NY2d at 16-19), and thus the court properly denied his motion. The record establishes that the court properly exercised its discretion during

defendant's plea colloquy in light of defendant's criminal history, his representation by counsel, and his statements during the plea colloquy. Defendant had pleaded guilty five times in New York prior to the current case, thus indicating that defendant was familiar with the plea process and aware of the rights that he waived by pleading guilty (*see Nixon*, 21 NY2d at 350). Defendant was represented by counsel in the current case, who actively advocated for defendant, and defendant confirmed that defense counsel had explained his rights to him. Defendant also indicated that he understood that he had the right to a trial. Although he did not explicitly waive that right, his statements demonstrated that he understood that he would not have a trial.

Contrary to defendant's further contention, the sentence is not unduly harsh or severe.

Entered:  September 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court