# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

439

KA 10-01153

PRESENT: CENTRA, J.P., FAHEY, CARNI, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DEBRA SPOSSEY, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered January 4, 2010. The judgment convicted defendant, upon her plea of guilty, of grand larceny in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her, following a plea of guilty, of grand larceny in the fourth degree (Penal Law § 155.30 [1]). We agree with defendant that her waiver of the right to appeal was not knowingly, intelligently, and voluntarily entered (*see People v Bradshaw*, 18 NY3d 257, 262; *see generally People v Lopez*, 6 NY3d 248, 256); thus, it does not encompass defendant's contentions that the award of restitution was not based on evidence in the record and that County Court should have held a hearing with respect to the amount of restitution (*cf. People v Tessitore*, 101 AD3d 1621, 1622, *lv denied* ___ NY3d ___). Defendant, however, failed to preserve for our review those contentions inasmuch as she did not object to the amount of restitution at sentencing, nor did she request a hearing (*see id.; People v Lewis*, 89 AD3d 1485, 1486). In any event, defendant conceded "the facts necessary to establish the amount of restitution as part of a plea allocution" (*People v Consalvo*, 89 NY2d 140, 145) and thus waived her right to challenge the amount of restitution. Even assuming, arguendo, that defendant's contention with respect to ineffective assistance of counsel survives the guilty plea (*see generally People v March*, 21 AD3d 1393, 1393, *lv denied* 6 NY3d 778), we further conclude that defendant was not denied effective assistance of counsel by defense counsel's failure to challenge the

amount of restitution (*see generally People v Ford*, 86 NY2d 397, 404).