# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**766**

**KA 10-01946**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ANTHONY J. LAWRENCE, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NICOLE M. FANTIGROSSI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered June 4, 2010. The judgment convicted defendant, upon his plea of guilty, of attempted murder in the second degree, assault in the first degree, burglary in the first degree, criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree and endangering the welfare of a child (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]). Defendant contends that the factual allocution raised significant doubt with respect to his intent to kill and, therefore, his plea was not knowingly, voluntarily, and intelligently entered. Although that contention survives defendant's waiver of the right to appeal, defendant failed to preserve his contention for our review by failing to move to withdraw his guilty plea or to vacate the judgment of conviction on that ground (*see People v McKeon*, 78 AD3d 1617, 1618, *lv denied* 16 NY3d 799). "This is not one of those rare cases 'where the defendant's recitation of the facts underlying the crime[s] pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea[]' to obviate the preservation requirement" (*People v Rodriguez*, 17 AD3d 1127, 1129, *lv denied* 5 NY3d 768, quoting *People v Lopez*, 71 NY2d 662, 666). Here, although defendant's initial statements cast doubt on his intent to kill, Supreme Court engaged in the requisite additional inquiry, which established defendant's intent to kill (*see Lopez*, 71 NY2d at 666). In light of our decision, we do not address defendant's remaining contention premised upon reversal of

the conviction of attempted murder.

Entered:  June 20, 2014

Frances E. Cafarell
Clerk of the Court