*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 30, 2014                    105745
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                      MEMORANDUM AND ORDER

ISAAC W. HARRIS,
                        Appellant.
_____


Calendar Date:   September 10, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Devine, JJ.

_____


        Patrick A. Perfetti, Cortland, for appellant.

        Mark D. Suben, District Attorney, Cortland (Kenneth H.
Tyler of counsel), for respondent.

_____


Devine, J.

        Appeal from a judgment of the County Court of Cortland
County (Ames, J.), rendered January 11, 2013, convicting
defendant upon his plea of guilty of the crime of course of
sexual conduct against a child in the first degree.

        Defendant pleaded guilty to a superior court information
charging him with course of sexual conduct against a child in the
first degree and waived his right to appeal.  Defendant
questioned the accuracy of certain statements contained in a
presentence investigation report and, although County Court
declined to amend the report itself, it directed defendant and
the Probation Department to submit presentence memoranda
regarding those statements.  County Court thereafter sentenced
defendant, as contemplated by the plea agreement, to a prison

term of 10 years to be followed by 20 years of postrelease supervision.  Defendant now appeals.

We agree with defendant's contention that his waiver of appeal was invalid.  During the plea colloquy, County Court failed to explain the significance of the waiver or articulate that an appeal waiver is "separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Bouton, 107 AD3d 1035, 1036 [2013], lv denied 21 NY3d 1072 [2013]).  Nor did the written waiver of appeal that defendant executed advise defendant, in any manner, of the waiver's legal implications, thereby rendering the waiver invalid (see People v Borden, 91 AD3d 1124, 1125 [2012], lv denied 19 NY3d 862 [2012]).

Notwithstanding the invalid waiver of appeal, we affirm. By directing the parties to submit presentence memoranda to be appended to the record, County Court afforded defendant with ample opportunity to address the purported inaccuracies of the presentence investigative report (see CPL 390.40; People v Santos, 109 AD2d 901, 901-902 [1985], lv denied 66 NY2d 922 [1985]; People v Ranieri, 43 AD2d 1012, 1012 [1974]).  Finally, we are unpersuaded by defendant's argument that the agreed-upon sentence is harsh and excessive.

Lahtinen, J.P., McCarthy, Rose and Lynch, JJ., concur.


ORDERED that the judgment is affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court