# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1228**
**KA 13-00522**
PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO,

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CURLIE GREEN, DEFENDANT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered January 2, 2013. The judgment convicted defendant, upon his plea of guilty, of rape in the first degree, robbery in the second degree (three counts) and robbery in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of rape in the first degree (Penal Law § 130.35 [1]), three counts of robbery in the second degree (§ 160.10 [2] [b]), and robbery in the third degree (§ 160.05). Contrary to defendant's contention, the record establishes that his waiver of the right to appeal was made knowingly, voluntarily and intelligently (*see People v Lopez*, 6 NY3d 248, 256). Defendant's valid waiver of the right to appeal encompasses his contentions that Supreme Court erred in denying his motions to suppress the physical evidence seized from his home and the identification evidence (*see People v Kemp*, 94 NY2d 831, 833; *People v Williams*, 36 NY2d 829, 830, *cert denied* 423 US 873; *People v Jenkins*, 117 AD3d 1528, 1529, *lv denied* 23 NY3d 1063). The waiver also encompasses his contention that the sentence is unduly harsh and severe (*see Lopez*, 6 NY3d at 255). In any event, we conclude that the contentions with respect to the suppression motions and the sentence are without merit.

Defendant's contention that the plea was not knowing and voluntary survives his valid waiver of the right to appeal (*see People v Lawrence*, 118 AD3d 1501, 1501), and defendant preserved that contention for our review by moving to withdraw the plea (*see People v Lopez*, 71 NY2d 662, 665). We nevertheless conclude that defendant's contention is belied by the record inasmuch as there is nothing in the record to cast doubt on the voluntariness of the plea (*see People v*

*Knoxsah*, 94 AD3d 1505, 1505).  The record establishes that defendant pleaded guilty voluntarily, that he had ample time to discuss the plea with his attorney, and that he admitted the factual allegations of each of the five counts of the indictment.

We reject defendant's contention that the court abused its discretion in denying his motion to withdraw his plea without conducting a hearing.  Defendant alleged that he was coerced by his attorney to plead guilty to crimes of which he was innocent.  "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry 'rest[s] largely in the discretion of the Judge to whom the motion is made' and a hearing will be granted only in rare instances" (*People v Brown*, 14 NY3d 113, 116, quoting *People v Tinsley*, 35 NY2d 926, 927).  Here, the court provided defendant with ample opportunity to present his claims in support of his motion to withdraw his plea (*see People v Walker*, 114 AD3d 1257, 1258, *lv denied* 23 NY3d 1044), and there was nothing in the record, with the exception of defendant's self-serving statements and his attorney's assertions made upon information and belief, that supported his allegation that he was coerced into pleading guilty (*cf. Brown,* 14 NY3d at 117).

Entered:  November 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court