# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**871**

**KA 12-00991**

PRESENT: CENTRA, J.P., LINDLEY, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

LUIS CARRASQUILLO, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered May 9, 2012. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the first degree (Penal Law § 140.30 [3]), defendant contends that the waiver of the right to appeal is not valid and challenges the severity of the sentence. We agree with defendant that the waiver of the right to appeal is invalid because "the minimal inquiry made by County Court was insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Jones*, 107 AD3d 1589, 1589, *lv denied* 21 NY3d 1075 [internal quotation marks omitted]; *see e.g. People v Hassett*, 119 AD3d 1443, 1443-1444, *lv denied* 24 NY3d 961), and because "there is no basis upon which to conclude that the court ensured 'that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*Jones*, 107 AD3d at 1590, quoting *People v Lopez*, 6 NY3d 248, 256). We nevertheless conclude that the sentence is not unduly harsh or severe.

Entered: July 2, 2015                        Frances E. Cafarell
                                             Clerk of the Court