# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

950

KA 12-01128

PRESENT: SMITH, J.P., CARNI, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

TRAMEIL GREEN, ALSO KNOWN AS MARCUS TRUITT,
ALSO KNOWN AS ALFRED PARKER, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KAREN C.
RUSSO-MCLAUGHLIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered November 21, 2011. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [3]). In appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of rape in the first degree (§ 130.35 [1]), and predatory sexual assault (§ 130.95 [2]).

Initially, we agree with defendant in each appeal that his waiver of the right to appeal was invalid because " 'the minimal inquiry made by [Supreme] Court was insufficient to establish that the court engage[d] defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Carrasquillo*, 130 AD3d 1498, 1498; *see People v Harris*, 121 AD3d 1423, 1424, *lv denied* 25 NY3d 989). Nevertheless, we reject defendant's contention in each appeal that the sentence is unduly harsh and severe.

Defendant failed to preserve for our review his challenge to the factual sufficiency of the plea allocution in appeal No. 1, because "defendant's motion to withdraw his plea was made on clearly different grounds" (*People v Carter*, 254 AD2d 202, 202, *lv denied* 93 NY2d 871; *see People v Spears*, 106 AD3d 1534, 1535, *affd* 24 NY3d 1057). This case does not fall within the narrow exception to the preservation rule (*see People v Lopez*, 71 NY2d 662, 666).

With respect to appeal Nos. 1 and 2, we reject defendant's contention that the court erred in denying his motion to withdraw his plea.  Although defendant contends that his plea was not knowing, voluntary, and intelligent because the court failed to inquire whether he was under the influence of psychotropic medications, we note that, here, defendant "was by all indications perfectly lucid while the plea proceedings were in progress" (*People v Royster*, 40 AD3d 885, 887, *lv denied* 9 NY3d 881; *see People v Lear*, 19 AD3d 1002, 1002, *lv denied* 5 NY3d 807; *People v McCann*, 289 AD2d 703, 703-704).  Defendant's further contention that his plea of guilty was coerced by defense counsel is "belied by [his] statement during the plea proceeding that [he] was not threatened, coerced or otherwise influenced against [his] will into pleading guilty" (*People v Irvine*, 42 AD3d 949, 949, *lv denied* 9 NY3d 962 [internal quotation marks omitted]).  To the extent defendant contends that he was under the influence of psychotropic drugs when he entered his plea of guilty and that he was coerced into pleading guilty by defense counsel, those contentions are "based on matters outside the record and must therefore be raised by way of a motion pursuant to CPL article 440" (*People v Merritt*, 115 AD3d 1250, 1251).

Contrary to defendant's contention, he was not deprived of effective assistance of counsel at sentencing based on his attorney's refusal to incorporate the arguments raised by defendant at sentencing into the written motion to withdraw defendant's plea (*see e.g. People v Adams*, 66 AD3d 1355, 1356, *lv denied* 13 NY3d 858; *People v Klumpp*, 269 AD2d 798, 799, *lv denied* 94 NY2d 922).  We also conclude that defense counsel did not take a position adverse to defendant at sentencing, or become a witness against him (*see People v Collins*, 85 AD3d 1678, 1679, *lv denied* 18 NY3d 993; *cf. People v Lawrence*, 27 AD3d 1091, 1091-1092).  Indeed, we note that defense counsel urged the court to consider defendant's pro se arguments.

Finally, we note in appeal No. 2 that the certificate of conviction incorrectly reflects that defendant was convicted of predatory sexual assault under Penal Law § 131.95 (2), and it must therefore be amended to reflect that he was convicted under Penal Law § 130.95 (2) (*see People v Holmes*, 104 AD3d 1288, 1290, *lv denied* 22 NY3d 1041).

Entered:  October 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court