# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1112
KA 14-00884
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

RICHARD J. SHAW, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered June 3, 2013. The judgment convicted defendant, upon his plea of guilty, of rape in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of rape in the third degree (Penal Law § 130.25 [2]). Initially, we agree with defendant that his waiver of the right to appeal was invalid because " 'the minimal inquiry made by County Court was insufficient to establish that the court engage[d] defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Carrasquillo*, 130 AD3d 1498, 1498; *see People v Harris*, 121 AD3d 1423, 1424, *lv denied* 25 NY3d 989). Although defendant's challenge to the voluntariness of his plea would have survived even a valid waiver of the right to appeal (*see People v Adams*, 57 AD3d 1385, 1385, *lv denied* 12 NY3d 780), "defendant did not move to withdraw the plea or to vacate the judgment of conviction and thus failed to preserve his [challenge] for our review" (*People v Dozier*, 59 AD3d 987, 987, *lv denied* 12 NY3d 815). Defendant also failed to preserve for our review his challenge to the amount of restitution ordered by the court inasmuch as he did not object to the amount of restitution (*see People v Spossey*, 107 AD3d 1420, 1420, *lv denied* 22 NY3d 1159), or to the fact that the court relied exclusively on the presentence report in determining the amount of restitution (*see People v Cooke*, 21 AD3d 1339, 1339).

We reject defendant's contention that he was deprived of effective assistance of counsel. Defendant received an advantageous plea, and "nothing in the record casts doubt on the apparent

effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404; *see generally People v Pitcher*, 126 AD3d 1471, 1473, *lv denied* 25 NY3d 1169).

Finally, we reject defendant's contention that the sentence is unduly harsh and severe.

Entered: November 20, 2015                      Frances E. Cafarell
                                                 Clerk of the Court