# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**826**

**KA 14-02057**

PRESENT: PERADOTTO, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                 V                           MEMORANDUM AND ORDER

CLEOPHIS HARRIS, DEFENDANT-APPELLANT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.

PATRICK E. SWANSON, ACTING DISTRICT ATTORNEY, MAYVILLE (LYNN S. SCHAFFER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Chautauqua County Court (John T. Ward, J.), rendered July 14, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). Contrary to defendant's contention, County Court did not ignore his oral motion to withdraw his plea or fail to set forth for judicial review any decision with respect thereto. Instead, the court explicitly and properly denied defendant's oral motion to withdraw the plea based upon the absence of any record support for defendant's conclusory assertion that his guilty plea had been coerced (*see People v Allen*, 99 AD3d 1252, 1252). Furthermore, the court accorded defendant a reasonable opportunity to present his contentions and did not "abuse its discretion in concluding that no further inquiry was necessary" (*People v Strasser*, 83 AD3d 1411, 1411; *cf. People v Days*, 125 AD3d 1508, 1508-1509).

Contrary to his further contention, defendant was not "deprived of effective assistance of counsel at sentencing based on his attorney's refusal to incorporate the arguments raised by defendant at sentencing into [a] written motion to withdraw defendant's plea" (*People v Green*, 132 AD3d 1268, 1269, *lv denied* 27 NY3d 1069). Furthermore, "defense counsel's failure to join in [defendant's oral] motion did not constitute ineffective assistance" (*People v Weinstock*,

129 AD3d 1663, 1664, *lv denied* 26 NY3d 1012).