# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

690

KA 11-01062

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

CRYSTAPHER HAMPTON, DEFENDANT-APPELLANT.

---

CHARLES T. NOCE, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Elma A. Bellini, J.), rendered March 15, 2010. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that his waiver of the right to appeal is not valid. We agree. Supreme Court did not ensure "that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256; *see People v Garcia-Cruz*, 138 AD3d 1414, 1414; *People v Cooper*, 136 AD3d 1397, 1398, *lv denied* 27 NY3d 1067). Defendant failed to preserve for our review his contention that the plea colloquy was factually insufficient inasmuch as he failed to move to withdraw the plea on that ground (*see People v Green*, 132 AD3d 1268, 1268-1269, *lv denied* 27 NY3d 1069; *People v Lawrence*, 118 AD3d 1501, 1501, *lv denied* 24 NY3d 1220; *see generally People v Lopez*, 71 NY2d 662, 666), and this case does not fall within the rare exception to the preservation rule (*see Lawrence*, 118 AD3d at 1501-1502; *People v Morgan*, 46 AD3d 1418, 1418, *lv denied* 10 NY3d 768; *see generally Lopez*, 71 NY2d at 666). Notably, while defendant's initial statements during the colloquy cast doubt on his intent to cause the victim's death, the court conducted a further inquiry to ensure that the plea was intelligently entered (*see Lawrence*, 118 AD3d at 1502; *see generally Lopez*, 71 NY2d at 666). Defendant agreed with the court that stabbing someone 46 times "in all likelihood is going to kill that person" and that "it, in fact, killed [the victim]." Defendant further admitted that he knew when he was stabbing the victim that it would kill him, and that was "what [he] wanted to do." In addition,

to the extent that defendant's statements during the plea colloquy raised a question regarding the defense of extreme emotional disturbance, the court also made the appropriate further inquiry (*see People v Murphy*, 43 AD3d 1276, 1277, *lv denied* 9 NY3d 1008). Defendant indicated that he had discussed the possibility of that defense with his attorney, and they decided not to pursue it.

Defendant further contends that the plea was not knowingly, voluntarily, and intelligently entered because the court failed to advise him of the *Boykin* rights. That contention likewise is not preserved for our review inasmuch as defendant did not move to withdraw the plea on that ground (*see People v Conceicao*, 26 NY3d 375, 382; *cf. People v Monroe*, 98 AD3d 1293, 1294, *lv denied* 20 NY3d 1013).

The court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea. Defendant's assertions that he was forced to plead guilty and that he did not understand the proceedings are belied by the statements he made during the plea colloquy (*see People v Lewicki*, 118 AD3d 1328, 1329, *lv denied* 23 NY3d 1064). We reject defendant's further contention that an evidentiary hearing was warranted. Defendant was afforded a "reasonable opportunity to present his contentions[,]" and we conclude that nothing further was required in this case (*People v Tinsley*, 35 NY2d 926, 927; *see People v Green*, 122 AD3d 1342, 1343-1344; *see generally People v Brown*, 14 NY3d 113, 116).

We reject defendant's contention that he did not receive effective assistance of counsel. Defendant "received an advantageous plea, and 'nothing in the record casts doubt on the apparent effectiveness of counsel' " (*People v Shaw*, 133 AD3d 1312, 1313, *lv denied* 26 NY3d 1150, quoting *People v Ford*, 86 NY2d 397, 404; *see People v Martin*, 136 AD3d 1310, 1311). Contrary to defendant's further contention, County Court (Connell, J.) properly determined after a hearing that he was competent to proceed (*see People v Mendez*, 1 NY3d 15, 19-20; *People v Wright*, 107 AD3d 1398, 1399, *lv denied* 23 NY3d 1026). We reject defendant's contention that County Court erred in refusing to suppress his statement to the police. Although the interrogation by the police occurred over a 10-hour period, defendant was given food, drink, and cigarettes, and there were breaks in the interrogation. In addition, at one point the detectives began terminating the interrogation, but defendant asked them to "sit back down and . . . talk to [him]." We conclude that, "[c]onsidering all the circumstances, the statement was not involuntary" (*People v Weeks*, 15 AD3d 845, 847, *lv denied* 4 NY3d 892; *see People v Collins*, 106 AD3d 1544, 1545, *lv denied* 21 NY3d 1072). The sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that they are without merit.

Entered:  September 30, 2016                    Frances E. Cafarell
                                                Clerk of the Court