People v Spencer (2019 NY Slip Op 01998)





People v Spencer


2019 NY Slip Op 01998


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1422 KA 16-02115

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SALEEM T. SPENCER, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






WILLIAMS, HEINL, MOODY & BUSCHMAN, P.C., AUBURN (RYAN JAMES MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SALEEM T. SPENCER, DEFENDANT-APPELLANT PRO SE.
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (BRITTANY L. GROME OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered October 13, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (§ 220.16 [1]). The two pleas were entered in a single plea proceeding. We affirm in each appeal.
Defendant contends in his pro se supplemental brief that he was denied effective assistance of counsel, which rendered his pleas involuntary, based on defense counsel's alleged failures to properly investigate, explore potential defenses, follow through on discovery requests, and provide appropriate legal advice in light of the circumstances of the case. Defendant's contention survives his guilty pleas "only insofar as he demonstrates that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea[s] because of [his] attorney['s] allegedly poor performance" (People v Rausch, 126 AD3d 1535, 1535 [4th Dept 2015], lv denied 26 NY3d 1149 [2016] [internal quotation marks omitted]). Here, however, defendant's contention "involves matters outside the record on appeal and, thus, it must be raised by way of a motion pursuant to CPL article 440" (People v Bradford, 126 AD3d 1374, 1375 [4th Dept 2015], lv denied 26 NY3d 926 [2015]; see People v Dale, 142 AD3d 1287, 1290 [4th Dept 2016], lv denied 28 NY3d 1144 [2017]; People v Wilson, 49 AD3d 1224, 1225 [4th Dept 2008], lv denied 10 NY3d 966 [2008]). To the extent that defendant's contention is reviewable on direct appeal, we conclude that it lacks merit inasmuch as he "received . . . advantageous plea[s], and nothing in the record casts doubt on the apparent effectiveness of counsel' " (People v Shaw, 133 AD3d 1312, 1313 [4th Dept 2015], lv denied 26 NY3d 1150 [2016], quoting People v Ford, 86 NY2d 397, 404 [1995]).
Contrary to defendant's contention in his main brief, to the extent that his letter submitted to County Court prior to sentencing constitutes a motion to withdraw his pleas, we conclude that the court did not err in denying the motion without conducting an evidentiary hearing. " When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rest[s] largely in the discretion of the Judge to whom the motion is made and a hearing will be granted only in rare instances' " (People v Manor, 27 NY3d 1012, 1013 [2016], quoting People v Brown, 14 NY3d 113, 116 [2010]; see People v Tinsley, 35 NY2d 926, 927 [1974]). Here, the [*2]court "accorded defendant a reasonable opportunity to present his contentions and did not abuse its discretion in concluding that no further inquiry was necessary' " (People v Harris, 142 AD3d 1391, 1392 [4th Dept 2016], lv denied 28 NY3d 1124 [2016]; see People v Alfred, 142 AD3d 1373, 1373 [4th Dept 2016], lv denied 28 NY3d 1142 [2017]). Additionally, inasmuch as the record before us establishes that defendant understood the consequences of his guilty pleas and that he was pleading guilty in exchange for a negotiated sentence that was less than the maximum term of imprisonment, we conclude that the pleas were knowingly and voluntarily entered (see People v Cubi, 104 AD3d 1225, 1226-1227 [4th Dept 2013], lv denied 21 NY3d 1003 [2013]).
Finally, contrary to defendant's contention in his main brief, we conclude that the negotiated sentence is not unduly harsh or severe.
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court