People v Muti (2019 NY Slip Op 01926)





People v Muti


2019 NY Slip Op 01926


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department



246 KA 17-00951

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BAQI MUTI, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (JULIE BENDER FISKE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered April 5, 2017. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of attempted burglary in the third degree (Penal Law §§ 110.00, 140.20). Contrary to defendant's contention, the record establishes that he knowingly, voluntarily and intelligently waived the right to appeal (see People v Porterfield, 107 AD3d 1478, 1478 [4th Dept 2013], lv denied 21 NY3d 1076 [2013]; see generally People v Lopez, 6 NY3d 248, 256 [2006]). County Court engaged defendant in "an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Suttles, 107 AD3d 1467, 1468 [4th Dept 2013], lv denied 21 NY3d 1046 [2013] [internal quotation marks omitted]), and the record establishes that he "understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (Lopez, 6 NY3d at 256). Contrary to defendant's further contention, his waiver of the right to appeal was "not rendered invalid based on the court's failure to require [him] to articulate the waiver in his own words" (People v Dozier, 59 AD3d 987, 987 [4th Dept 2009], lv denied 12 NY3d 815 [2009]). "Although defendant's release to parole supervision does not render his challenge to the severity of the sentence moot because he remains under the control of the Parole Board until his sentence has terminated" (People v Williams, 160 AD3d 1470, 1471 [4th Dept 2018] [internal quotation marks omitted]), we conclude that the valid waiver of the right to appeal with respect to both the conviction and sentence forecloses defendant's challenge to the severity of his sentence (see Lopez, 6 NY3d at 255-256; cf. People v Maracle, 19 NY3d 925, 928 [2012]).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court