People v Seeman (2020 NY Slip Op 06641)





People v Seeman


2020 NY Slip Op 06641


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


910 KA 18-01925

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHANE SEEMAN, DEFENDANT-APPELLANT. 






DONALD R. GERACE, UTICA, FOR DEFENDANT-APPELLANT. 
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered May 23, 2016. The judgment convicted defendant, upon his plea of guilty, of course of sexual conduct against a child in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his Alford plea, of course of sexual conduct against a child in the second degree (Penal Law § 130.80 [1] [a]), defendant contends that his plea was involuntarily entered and that his waiver of the right to appeal is invalid. Because a challenge to the voluntariness of a plea survives even a valid waiver of the right to appeal (see People v Burney, 41 AD3d 1221, 1221 [4th Dept 2007], lv denied 9 NY3d 863 [2007]), there is no reason for us to address the validity of the waiver in this case. We note, however, that "the Model Colloquy for the waiver of right to appeal drafted by the Unified Court System's Criminal Jury Instructions and Model Colloquy Committee neatly synthesizes [Court of Appeals] precedent and the governing principles and provides a solid reference for a better practice" (People v Thomas, 34 NY3d 545, 567 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]).
Defendant contends that his plea was involuntarily entered because County Court misinformed him during the plea colloquy that he would be sentenced as a second felony offender. Because he did not move to withdraw his plea or to vacate the judgment of conviction, however, defendant failed to preserve that contention for our review (see People v Tchiyuka, 160 AD3d 1488, 1488-1489 [4th Dept 2018]; People v Miller, 87 AD3d 1303, 1303-1304 [4th Dept 2011], lv denied 18 NY3d 926 [2012]; People v Elardo, 52 AD3d 1272, 1272 [4th Dept 2008], lv denied 11 NY3d 787 [2008]). In any event, the contention plainly lacks merit inasmuch as the court, upon realizing its mistake with respect to defendant's status as a second felony offender, advised defendant of the error and afforded him the opportunity to withdraw his plea (cf. People v Young, 301 AD2d 754, 754 [3d Dept 2003], lv denied 99 NY2d 634 [2003]). Defendant declined that opportunity and said that he still wished to accept the plea agreement.
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court