People v Morseman (2021 NY Slip Op 06511)





People v Morseman


2021 NY Slip Op 06511


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, WINSLOW, AND BANNISTER, JJ.


946 KA 20-01640

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID J. MORSEMAN, DEFENDANT-APPELLANT. 






ROSEMARIE RICHARDS, GILBERTSVILLE, FOR DEFENDANT-APPELLANT.


 Appeal from a judgment of the Steuben County Court (Chauncey J. Watches, J.), rendered November 25, 2020. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of grand larceny in the fourth degree (Penal Law
§ 155.30 [4]), defendant contends that his plea was involuntarily entered for a variety of reasons, and that his waiver of the right to appeal is invalid. Inasmuch as a challenge to the voluntariness of a plea survives even a valid waiver of the right to appeal (see People v Seeman, 188 AD3d 1670, 1670 [4th Dept 2020]), there is no reason for us to address the validity of the waiver in this case. Because defendant did not move to withdraw his plea or to vacate the judgment of conviction, however, his challenge to the voluntariness of his plea is unpreserved for our review (see People v Shanley, 189 AD3d 2108, 2108 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]), and this case does not fall within the narrow exception to the preservation requirement set forth in People v Lopez (71 NY2d 662, 666-667 [1988]). In any event, we conclude that none of defendant's specific contentions concerning the voluntariness of his plea has merit.
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court