People v Clark (2025 NY Slip Op 04402)

People v Clark

2025 NY Slip Op 04402

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, OGDEN, DELCONTE, AND KEANE, JJ.

547 KA 23-00329

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JENNIE CLARK, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (TONYA PLANK OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered October 20, 2022. The judgment convicted defendant upon her plea of guilty of attempted murder in the second degree and vehicular manslaughter in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting her upon her plea of guilty of, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [2]), defendant contends that the waiver of the right to appeal is invalid and that the sentence is unduly harsh and severe. We agree with defendant that the purported waiver of her right to appeal is invalid and thus does not foreclose her challenge to the severity of the sentence (see People v Williams, 228 AD3d 1314, 1314 [4th Dept 2024]; People v Rumph, 207 AD3d 1209, 1210 [4th Dept 2022], lv denied 39 NY3d 1075 [2023]). Nevertheless, we conclude that the sentence is not unduly harsh or severe.
Although defendant's further contention that her plea was not knowingly, intelligently, and voluntarily entered would survive even a valid waiver of the right to appeal, she "failed to preserve [that contention] for our review by way of a motion to withdraw [her] plea or to vacate the judgment of conviction on that ground" (People v Williams, 228 AD3d 1316, 1317 [4th Dept 2024], lv denied 42 NY3d 972 [2024], reconsideration denied 42 NY3d 1055 [2024] [internal quotation marks omitted]; see People v Morseman, 199 AD3d 1475, 1475 [4th Dept
2021]). We decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court